## COMMONWEALTH *versus* ASAHEL B. MOTT.

The *St.* 1827, *c.* 118, § 19, enacts, that a person convicted of a crime punishable by confinement to hard labor for a term of years, who shall have been before *sentenced* to like punishment, shall be liable to confinement to hard labor not exceeding seven years, in addition to the punishment by law prescribed for the offence for which he shall be tried; and if twice before so convicted and *sentenced*, he shall be punished by confinement to hard labor for life. The *St.* 1832, *c.* 73, enacts, that no convict shall be sentenced by force of the provision in the statute of 1827, unless he shall before have been *twice sentenced* and *twice discharged* from prison. The *St.* 1833, *c.* 85, repeals the statute of 1832, and enacts that a person convicted and sentenced to confinement to hard labor for a year or more, who shall have been before sentenced for not less than a year, and shall have been discharged, shall be sentenced to confinement to hard labor not exceeding seven years, in addition to the punishment prescribed by law for the offence for which he shall be tried; and in case he shall have *twice* before been convicted and *sentenced* and *twice discharged*, he may be punished by confinement to hard labor for life, or for a period not less than seven years in addition, &c. A convict was sentenced in 1816 for a term of years, and was discharged. In 1818, upon a second conviction, he was sentenced for a term of years, and to an additional confinement for one year. He escaped, and in 1830 committed an offence, for which, in 1834, he was tried and convicted and sentenced for a term of years. It was *held*, that the statute of 1832, having been enacted after the commission of the offence and repealed before the trial, was not applicable to the case; that the statute of 1833, by repealing the statute of 1832, restored the statute of 1827 to its operation as if that of 1832 had never been passed; and that the convict could not, by force of the statute of 1827, as modified by that of 1833, be sentenced for life or for more than seven years, not having been *twice discharged*, but that he might be sentenced, as a convict who had once been sentenced and once been discharged, to confinement not exceeding seven years.

THIS was an appeal from a judgment of the Municipal Court, rendered upon an information filed in 1837. The information set forth, that in March, 1816, the defendant was convicted of larceny and receiving stolen goods, before a county court in Vermont, and was sentenced to be confined to hard labor in the state prison of that State, for the term of two years ; that the sentence was executed upon him, and he was afterwards discharged from the prison ; that in 1818 he was convicted at Cambridge, before this Court, of three distinct

Commonwealth
v.
Mott.

larcenies, and was sentenced, as a common and notorious thief, to solitary imprisonment for fifteen days, and to confinement to hard labor afterwards, for the term of five years, in the state prison in Charlestown ; that at a subsequent day in the same term of this Court, an information was filed against him by the Attorney-General, setting forth the conviction and sentence in Vermont, and praying that the additional punishment, prescribed by the statute in such case, might be awarded against him ; that it was thereupon adjudged by this Court, that the defendant should be further punished by solitary imprisonment for seven days, and afterwards by confinement to hard labor for one year, after the expiration of the former sentence ; that afterwards, on the 8th of June, 1822, before the expiration of either of the sentences, the defendant unlawfully escaped from the prison, and was not recaptured until the 25th of October, 1834, when he was brought back thereto and confined to hard labor again in pursuance of the sentences of this Court ; and that on the 18th of April, 1837, after such sentences had been executed upon him, he was discharged.

The information further set forth, that the defendant, after his escape from the prison and before he was brought back, at a term of the Court of Common Pleas begun and held at Springfield, in June, 1834, was convicted of two larcenies, committed on the 6th of July, 1830, and was sentenced by that court, for one offence, to solitary imprisonment for one day and confinement to hard labor in the state prison for two years, and for the other offence, to solitary imprisonment for one day and confinement to hard labor in the state prison for one year, commencing from the expiration of the previous sentence ; that the prisoner was afterwards removed to the state prison at Charlestown, and these sentences were begun to be executed upon him after the before recited sentences of this Court had been executed, to wit, on the 18th of April, 1837 ; and that the defendant was still remaining in prison in execution of the sentences of the Court of Common Pleas. Wherefore the information prayed, that the Municipal Court might award against the defendant the additional punishment, prescribed by the statute in such case made and provided.

At the August term of the Municipal Court in 1837, the

defendant was tried upon this information, and the jury returned a verdict, that the charges therein contained were true.

The defendant moved, that the judgment might be arrested for the following reasons :

1. That no judgment can be rendered against him as a *third comer*, so called in the language of the prison, because it appears from the information and other papers in the case, that he had not, at the time of his last sentences, in the Court of Common Pleas in 1834, been *twice* before convicted and *sentenced* to the state prison of this State or of any other of the United States, and *twice discharged* therefrom.

2. That no judgment ought to be rendered against him as a second comer, because it appeared from the information, &c., that the several offences for which the defendant was last sentenced by the Court of Common Pleas in 1834, were committed in the year 1830, and before the enactment of the *St.* 1832, *c.* 73, and *St.* 1833, *c.* 85.

This motion was overruled by the Municipal Court, and the defendant was sentenced to an additional punishment of solitary imprisonment for one day and confinement to hard labor for seven years in the state prison. From this sentence the defendant appealed to this Court ; and, upon a new trial had at the November term of this Court in 1837, the jury found the facts stated in the information to be true, with an immaterial exception, not affecting any question in the case.

The *St.* 1827, *c.* 118, § 19, provides, that whenever a person convicted of any crime, the punishment whereof shall, by law, be confinement to hard labor for any term of years, shall have been before *sentenced* to a like punishment, in this or any other of the United States, he shall be sentenced to solitary imprisonment not exceeding thirty days and to confinement to hard labor not exceeding seven years, in addition to the punishment by law prescribed for the offence for which he shall be tried ; and in case he shall have been twice before convicted and *sentenced* in manner aforesaid, he shall be punished by confinement to hard labor for life and by solitary imprisonment as before mentioned.

The *St.* 1832, *c.* 73, provides, that no convict shall be sentenced by force of the provisions in *St.* 1827. *c.* 118, § 19,

unless he has at two several times before been sentenced to confinement in a state prison for a period, at each time, more than one year, and been twice discharged therefrom in due course of law ; and that instead of the additional punishment by confinement for life, imposed by the statute of 1827, the convict may be sentenced for life or for a period not less than seven years.

The *St.* 1833, *c.* 85, provides, that when any person, upon conviction, shall be duly sentenced to punishment by confinement to hard labor in the state prison of this State for one year or more, and shall have been before *sentenced* to a like punishment by any court of this State or any other of the United States, for a period of not less than one year, and shall have been *discharged* from such former sentence in due course of law, he shall be sentenced to an additional punishment by solitary imprisonment not exceeding thirty days and confinement to hard labor not exceeding seven years ; and that in case such convict shall have been twice before convicted and *sentenced* to a state prison, in manner aforesaid, and twice *discharged* therefrom, he may be sentenced to confinement to hard labor for ife or for a period not less than seven years ; and that the act of 1832, *c.* 73, be repealed.

The case was argued in writing on the part of the prisoner, by

*E. D. Sohier* and *D. S. Greenough.* The prisoner is not liable to be punished, either as a second or third comer, for the following reasons.

A law passed after the doing of an innocent act, making the act punishable, or, if such act were then punishable, increasing the penalty, is an *ex post facto* law, and therefore void. 1 Bl. Comm. 46 ; Declaration of Rights, *art.* 24 ; Declaration of Rights of Maryland, *art.* 15 ; *Calder* v. *Bull*, 3 Dallas, 390, 397. But a law passed after the doing of a criminal act, making it less so, is merely retrospective, and not *ex post facto*. Revised Stat. *c.* 146, § 6 ; *Calder* v. *Bull*, 3 Dallas, 391.

The defendant is to be punished, if at all, by the law as it stood in July, 1830, when the last offence was *committed*, unless between that time and the time of his trial upon this information, the law has been repealed, or the penalty mitigated.

Now in July, 1830, the *St.* 1827, *c.* 118, § 19, was in force. The prisoner was tried upon this information in 1837, and on the 29th of February, 1832, between the time of the commission of the offence and the trial upon the information, the *St.* 1832, *c.* 73, was passed. This statute, though containing no repealing clause, yet virtually repeals by implication the 19th section of *St.* 1827, *c.* 118. 1 Leach's Cas. 306 ; *Bart·lett* v. *King*, 12 Mass. R. 545 ; *Nichols* v. *Squire*, 5 Pick 168. It cannot be said to be *ex post facto*, but retrospective, its effect being not to increase, but to diminish a penalty incurred.

The *St.* 1832, *c.* 73, required, in order to subject a person to punishment under its provisions, that he should have been, "at two several times before," sentenced to confinement in a state prison, "for a period, at each time, more than one year," and have been "twice discharged therefrom in due course of law." Moreover it is a highly penal statute, and is therefore to be construed strictly. *Melody* v. *Reab*, 4 Mass. R. 473 ; *Gibson* v. *Jenney*, 15 Mass. R. 205 ; *Commonwealth* v. *Phillips*, 11 Pick. 34.

Now if this statute is the law by which the defendant's case is to be judged, does he come under its provisions, if construed strictly ? Is it alleged and proved, that *before* his last conviction, to wit, in June, 1834, the defendant had, "at two several times," been sentenced to confinement, in a state prison, and been twice discharged ? The verdict shows, that he had been twice, at the same term, sentenced to the state prison at Charlestown, to wit, in 1818, but had not, at the time of his trial in June, 1834, been discharged at all. And clearly this is not, within the meaning of the statute, "two several times." *Ex parte Stevens*, 14 Pick. 96. The verdict also shows, that he had been previously sentenced to the Vermont state prison, and thence discharged. It would seem, therefore, that the punishment of second comers is abolished by this statute, and that the defendant is not a third comer within its provisions.

If the Court should be of opinion, that this statute does not repeal *St.* 1827, *c.* 118, § 19, but only directs the manner of its construction, it is nevertheless quite clear, that the defendant cannot be punished under it as a third comer. For whethe

ıt repealed or controlled the former statute, still, by the construction in *Ex parte Stevens*, before cited, the defendant is not a third comer under it ; and the only question remaining would then be, whether or not, under the two statutes taken together, the prisoner is liable to punishment as a second comer. Now it appears, that the last offence of which he was convicted, was his third offence, and that he had already once undergone the punishment of a second comer ; and it appears clearly from the statute itself, that it was not intended to punish a convict twice as a second comer. The inference therefore would seem to be, that the defendant must be punished as a third comer, or not at all, and that, having committed a third offence, and yet not being liable to the punishment of a third comer, he must be discharged.

But whatever may be the opinion of the Court concerning the construction of the statutes already cited, it is apprehended, that there can be no doubt, that the *St.* 1833, *c.* 85, is inapplicable to this case ; that statute being, upon the principles laid down in *Calder* v. *Bull*, clearly *ex post facto*, since it increases the punishment of a crime after its commission and before conviction. If it were permitted to be applied to the present case, it would make the prisoner liable as a third comer upon his sentence of seven days and one year, in 1818, which liability was not incurred under *St.* 1827, *c.* 118, § 19, 20, the statute in force when the offences of 1830 were committed. And by Revised Stat. *c.* 146, § 6, the Revised Statutes can have no operation upon this case, because they do not mitigate the penalty or punishment incurred.

*Austin* (Attorney-General) and *S. D. Parker* (County-Attorney) for the Commonwealth, did not desire to be heard.

SHAW C. J. delivered the opinion of the Court. The *March 18th* object of this information is to have the additional punishment awarded against the prisoner, either as a second or third comer, as the law applicable to the facts will warrant. The counsel for the prisoner contend, that by law he is not liable to either.

This proceeding by information is given by law as a sort of ancillary process by which the Court may award that punishment, which might and ought to have been awarded by the court before which the conviction was had, if the facts of the

former convictions, sentences, and discharges, had been judicially brought to its notice. The question then is, what additional punishment if any, would the court have been authorized and required to award, on the conviction at Springfield, had these facts then been brought before it. Whatever may have been the construction of the statute of 1827, c. 118, § 19, which was in force in 1830, when the larcenies of which the prisoner was then convicted, were committed, it had been modified at least, and its construction controlled, by the *St.* 1832, c. 73, and *St.* 1833, c. 85, before the conviction in 1834. For though subsequent acts could not increase the penalty upon an offence already committed, yet they might mitigate or diminish it ; and such was the effect of these acts.

The first question is, whether upon the terms of the statute of 1833, the prisoner could be sentenced as on a third conviction, supposing that the act of 1832, which may deserve a separate consideration, had not been passed. The language of the statute is, " such convict shall have been twice before convicted and sentenced to the state prison of this State, or of any other of the United States, in manner aforesaid, and twice discharged therefrom." These words are clear and unambiguous. The convict must not only have been twice convicted and sentenced, but twice discharged, by pardon or otherwise. But an escape from prison is no discharge, as the defendant has learned by experience, by being compelled to work out the old sentence, when brought back. And such sentence and discharge must both have occurred before the commission of the new offence for which he is to be sentenced. The aggravation of such third offence consists in his having committed it after the salutary and reforming influence of two separate commitments to the penitentiary, and two discharges therefrom by pardon or execution of the whole sentence, had been tried in vain.

Then the question recurs, whether the prisoner, upon the statute of 1827, in connexion with the first provision in *St.* 1833, can be subjected to the additional punishment, as a person who had been once before convicted, sentenced and discharged. In considering this question, the terms *second comer* and *third comer*, may tend to mislead. These words are not used in the statute, nor words equivalent. The statutes award

an additional punishment to him who has been once before sentenced and discharged, and a still severer punishment to him who has twice before been sentenced. But it is not the less true, that a man has been once before sentenced and discharged, because he has been twice before sentenced. Suppose there were no provision whatever, for an increased additional punishment on third comers, but the law should stand, that any person who had before been convicted and sentenced, should be liable to an additional punishment, and a man should be convicted on several successive offences, would it not be true upon each offence after the second, that he had before been convicted and sentenced, and would not this bring him expressly within the provisions of the statute, and render him amenable on each conviction to the additional punishment ?

Nor does the fact, that the prisoner has once been sentenced to additional punishment as a second comer, affect this question. That was the sentence due by law, for the offence of 1818. He now stands for sentence for the offences of which he was convicted in 1834, and those only. To this the sentence for a prior and distinct offence is no bar.

It appears very clear from this view of the law, that but for the statute of 1832, the prisoner would clearly have been liable to the additional punishment provided by statute against a person, who had been once before convicted, sentenced and discharged. He was sentenced to two years hard labor, in the state prison in Vermont, and had been discharged ; and the offence of which he stood convicted and liable to sentence at Springfield in 1834, was such as subjected him to imprisonment for at least two years ; for he was so sentenced.

The law in force, when the crime was committed, in 1830, was St. 1827, c. 118, § 19. Any person convicted of any crime, the punishment whereof shall, by law, be confinement to hard labor for any term of years, who shall have been before sentenced to a like punishment by any court of this State, or any other of the United States, whether pardoned or not, shall be sentenced to solitary imprisonment, not exceeding thirty days, and to co ɪfinement to hard labor, not exceeding seven years, in addition to the punishment prescribed by law, &c. ; and it then provides for the case of a person, twice before so convicted and sentenced.

Had the prisoner been arrested, tried and convicted, imme-diately after the offences committed in 1830, he would have been liable under this law to the additional punishment. Then came the statute of 1832, c. 73, by which it was provided, that no convict should be thereafter sentenced to additional punishment under the former act, unless he had at two several times been sentenced, in this, or some other State, for a period at each time more than one year, and had been twice discharged there-from in due course of law.

Whether the legislature intended to go the full length of taking away all additional punishment, upon a second convic-tion, has been doubted, and some color is given to that doubt, by the change of the law the ensuing year. One great object of the statute undoubtedly was, to declare that by two convictions, should thereafter be understood, sentences and commitments at two distinct times and discharges therefrom by pardon or execution of the whole sentence, instead of two sentences at the same term of a court, according to a judicial construction which had been put upon the former acts. But whatever may have been the intent, the language is clear and explicit, that no convict should be sentenced, unless he had been twice com mitted and discharged. The sentence and conviction of 1834, although for an offence previously committed, was after the passage of this act; the prisoner, though he had been twice sentenced, had not been twice discharged, and therefore was excepted by the act, from the additional punishment. For although the law cannot create or increase penalties for past offences, it can take away or mitigate them. It was not in terms a repeal of the act, but it declared, that it should not operate in a particular way, in a particular case. At least it so far suspended the act, that the prisoner could not have been sentenced under the former whilst this remained in force.

But the year following, this act was itself repealed by St. 1833, c. 85, § 2, with a saving of all judgments then rendered, which saving does not affect the present case.

This statute, in the first place, provides for additional punish-ment, on a person who should thereafter be convicted of an offence punishable by confinement to hard labor in the state prison, for one year or more, instead of " terms of years,"

which was the former language and which had been held to be at least two years. *Ex parte Seymour*, 14 Pick. 40. And this was to be imposed when the convict had before been sentenced to a like punishment in this or any of the United States, for a period not less than one year, and been discharged in due course of law by pardon or otherwise. It then went on to provide for a further additional punishment, when the convict had before been twice so sentenced and discharged.

It is obvious, that the additional punishment cannot be awarded upon this part of the law ; because it was enacted after the offence was committed. In one respect this provision was more penal than the former, because it rendered one liable on conviction of an offence, punishable by imprisonment for *one year or more*, whereas under the former the offence must have been punishable by imprisonment for a term of years, construed to mean at least two years. So by this later act, the former sentence may have been for one year only, whereas by the former it must have been for at least two years. But this is immaterial, for the reason already given ; that is, regarding this as a new enactment creating and imposing penalties, it cannot be applied to the prisoner's case, because it was passed after the offence was committed, for which he stood liable to be sentenced in 1834.

The question therefore is precisely this, whether the act of 1833, by repealing the act of 1832, in legal effect annihilated it, and left the act of 1827 to its proper operation, in the same manner as if that of 1832 had not been passed.

By the statute of 1827, which was in force when the crime was committed, the prisoner was liable to the additional punishment. He stood convicted of an offence punishable by imprisonment for a term of years, and was actually sentenced to imprisonment for two years. He had before been sentenced in Vermont for a term of years, to wit, two years, and discharged in due course of law.

If the act of 1832 put an end to the operation of the act of 1827, as it regarded persons once before convicted, sentenced and discharged, and if the repeal of this repealing or qualifying act did not revive and restore the act of 1827, and leave it in force with all its penal consequences, then the prisoner was not liable

in 1834 to be sentenced to the additional punishment, though he had been once before convicted, sentenced and discharged.

But if the effect of the statute of 1833, was to repeal the repealing act, to put an end to the suspension of the act of 1827, and leave it in force with all its penal consequences, as if the act of 1832 had not been passed, then, in 1834, the prisoner was liable to the additional punishment, on his conviction at Springfield for offences committed in 1830; and the additional punishment not having been there awarded, he is now liable to such additional punishment upon this information.

The general rule upon this subject is, that by the repeal of a repealing statute, the former statute is revived, without any formal words for that purpose. 1 Bl. Comm. 90; 4 Inst. 326; Bac. Abr. *tit. Statute, D.*

But the precise point, upon these statutes, appears already to have come under the consideration of the Court and been decided. In the case of *Commonwealth* v. *Getchell,* 16 Pick. 452, it was decided, that the act of 1832 was a suspension of the operation of the act of 1827 in regard to additional punishment in cases of second convictions, and that this suspension was terminated by the act of 1833, and that thereby the act of 1827 was continued in force; that as a necessary consequence, if the offence with which the prisoner stood charged had been committed, or if the conviction had taken place, after the act of 1832 and before that of 1833, the prisoner would not have been liable to the additional punishment, but both having taken place before the act of 1832, and the information having been filed after the act of 1833, by which that of 1827 was reinstated and continued in force, the prisoner was liable thereon to the additional punishment.

That is precisely the present case, with one variation not affecting the principle of the decision. In this case, the offence was committed before the act of 1832, and the conviction thereon was had after the act of 1833; and so the offence was not committed, nor was the conviction had, whilst the act of 1832 was in force. The Court are all of opinion, that the prisoner is liable to an additional punishment not exceeding seven years, upon that part of the *St.* 1827, *c.* 118, § 19, which imposes such punishment upon a convict, who has been

once before sentenced to confinement to hard labor, for a term of years, in the state prison of another State.