Merrimack,
No. 4857.

### STATE *v.* THEODORE GONYER.

Argued June 8, 1960.

Decided June 27, 1960.

*Louis C. Wyman,* Attorney General, *George T. Ray, Jr.,*

Assistant Attorney General and *John W. Stanley, Jr.,* county attorney (*Mr. Ray* orally), for the State.

*Alfred Catalfo, Jr.* for the defendant.

KENISON, C. J. The central contention of the defendant, to which his exceptions relate, is that administrative discipline by prison authorities pursuant to statutory authority (RSA 622:14) is a bar to the indictment and prosecution for the crime of escape under RSA 622:13 because it is in violation of the former jeopardy provision of our Constitution. N. H. Const., Pt. I, *Art.* 16th. The factual situation that gives rise to this contention is not seriously disputed. The defendant was under sentence of confinement to hard labor for a limited time at the State Prison when he escaped on May 31, 1958 and was recaptured and returned to the prison the following day. The prison authorities placed him in solitary confinement for twelve days and thereafter deprived him of certain prison privileges. The administrative discipline enforced by the Warden and Trustees of the State Prison upon the advice of the "Classification Committee" was made under the following statute:

"622:14 DISCIPLINE. The warden, with the consent of the trustees, may offer suitable encouragement and indulgences to those convicts who distinguish themselves by obedience, industry, and faithfulness, and may punish any convict guilty of insolence or ill language to any officer of the prison, or guilty of obstinate and refractory behavior, by solitary imprisonment not more than thirty days at one time, or by such other reasonable and effective modes of punishment and discipline as the trustees may from time to time prescribe."

This statute is by no means unique. A. L. I. Model Penal Code, *s.* 305.7 (3) and (6) and comment *pp. 59-60* (Tentative Draft No. 12, 1960).

The defendant's trial and conviction by jury in the Superior Court was pursuant to RSA 622:13 which provides that escape from the State Prison is punishable by solitary imprisonment for not more than six months or confinement to hard labor for not more than ten years. This is the only law which provides a criminal penalty for the crime of escape. It is not limited or controlled by the provisions of RSA 622:14 which permit the prison authorities to grant and withhold privileges and maintain administrative discipline "by solitary imprisonment not more than thirty days at

one time, or by such other reasonable and effective modes of punishment as the trustees may from time to time prescribe." See A. L. I. Model Penal Code, s. 208.33, *pp.* 130-137 (Tentative Draft No. 8, 1958).

In *Patterson* v. *United States,* 183 F. 2d 327, 328 (4th Cir. 1950) the appellants, after conviction for escape, moved that the judgment be set aside on the ground that they had already been punished for the escape in that after their return to the federal reformatory they had been placed in solitary confinement for a certain period. The court held that the motions "were absolutely lacking in merit." This case was followed and approved in *Mullican* v. *United States,* 252 F. 2d 398, 400 (5th Cir. 1958) wherein it was decided that a criminal prosecution for the crime of escape is not prohibited under the double jeopardy clause of the Fifth Amendment merely because the escapee was, upon his recapture, subjected to discipline by prison authorities for the violation of the prison discipline involved. What is law under the double jeopardy clause of the Fifth Amendment is equally applicable to the analogous former jeopardy clause in Pt. I, *Art.* 16th of our Constitution. While the authorities so deciding are not numerous, they are quite uniform in holding that a conviction for the crime of escape does not constitute double jeopardy merely because the prisoner has previously been subjected to administrative discipline by the incarcerating authorities. *State* v. *Cahill,* 196 Iowa 486; *People* v. *Huntley,* 112 Mich. 569; *People* v. *Garmon,* 2 Cal. Rptr. 60 (D. C. App. 1960). See *In re Wilson,* 295 Mich. 179; *People* v. *Conson,* 72 Cal. App. 509.

The defendant has not been placed twice in jeopardy for the same offense in violation of N. H. Const., Pt. I, *Art.* 16th by his conviction for the crime of escape following the imposition of administrative discipline. See *State* v. *Smith,* 98 N. H. 149. The refusal of the Court to receive evidence in the presence of the jury of the nature and extent of the administrative discipline was correct and the Court quite properly heard this evidence in the absence of the jury on the question of sentence for the crime of escape. The Court's rulings on the interpretation of RSA 622:13 and 14 were correct. Other exceptions which have not been briefed and argued are deemed waived and the order is

*Appeal dismissed.*

All concurred.