**State of Vermont v. Charles Lebo**

[282 A.2d 804]

No. 66-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 5, 1971

*Frank G. Mahady*, State's Attorney, and *Paul F. Hudson*, Deputy State's Attorney, for the State.

*Laurence F. Gardner*, Hanover, for Defendant.

**Holden, C.J.** Double jeopardy is the principal claim of this appeal. The defendant was tried and convicted on an information which alleges he escaped from the Vermont State Prison at Windsor while in lawful custody in violation of 13 V.S.A. § 1501.

The escape was made while the defendant was serving a sentence imposed by the district court at Rutland in 1968. On September 10, 1969, the prisoner was transferred from the prison proper to the farm maintained at the institution under the controlled supervision of the warden. He escaped from custody at the farm on October 12, 1969. He was apprehended on October 14, 1969, returned to the prison and charged with the offense now under review.

The defendant answered the complaint with a written plea in bar, alleging that after his arrest and return to the Vermont State Prison the prison officials placed him in administrative segregation and deprived him of credit for good time previously served. At the trial which followed the court excluded evidence which the defendant sought to present concerning the disciplinary action imposed at the prison when the defendant was returned to custody. The defendant contends this evidence should have been received on the issue of double jeopardy.

 The federal double jeopardy standards of the Fifth Amendment now have application to the State by way of the Fourteenth Amendment to the United States Constitution. *Benton* v. *Maryland,* 395 U.S. 784, 23 L.Ed. 707, 716 (1969), overruling *Palko* v. *Connecticut,* 302 U.S. 319 (1937). But neither federal nor state concepts of federal jeopardy include administrative discipline. Disciplinary action imposed upon inmates for breach of confinement in the course of the administration of a correctional institution, constitutes no constitutional barrier to a criminal prosecution for the crime of escape. *Patterson* v. *United States,* 183 F.2d 327 (4th Cir. 1950), *cert. denied,* 340 U.S. 893, 95 L.Ed. 647; *State* v. *Gonyer,* 102 N.H. 527, 162 A.2d 172, 174 (1961); *Ford* v. *State of Maryland,* 237 Md. 266, 205 A.2d 809, 811 (1965); *State* v. *Mead,* 130 Conn. 106, 32 A.2d 273, 275 (1943). See also *Mullican* v. *United States,* 252 F.2d 398, 400, 70 A.L.R.2d 1217, 1222 (5th Cir. 1958). The trial court's exclusion of evidence

concerning the nature and effect of the administrative discipline was correct. *State* v. *Gonyer, supra,* 162 A.2d at 174 (Kenison, C.J.).

■ The defendant moved to dismiss the complaint during the trial on the contention that information charged him with the crime of escape from the Vermont State Prison while the evidence established escape from the prison farm. We hold the motion to dismiss was properly denied.

The complaint identified the respondent and alleged the time and place of his escape with sufficient certainty to enable him to intelligently prepare his defense. And the essential facts are sufficiently stated to afford him protection against a second conviction for the same offense. *State* v. *Provencher,* 128 Vt. 586, 270 A.2d 147, 149, 151 (1970); *State* v. *Margie,* 119 Vt. 137, 141 (1956).

The evidence presented at the trial makes it clear that the farm at Windsor, from which the defendant unlawfully departed, is an integral part of Windsor State Prison. And while the prisoner enjoyed trustee status at the time of his restraint, he was under the control and custody of the warden. Thus, in fact and law, his escape from the prison farm constituted an escape from the prison. *Boyce* v. *State,* 250 A.2d 200, 202 (Me. 1969); *State* v. *Mead, supra,* 32 A.2d at 275.

The defendant makes the further argument that the information alleges a violation of 13 V.S.A. § 1501, but the evidence shows only a violation of 28 V.S.A. § 707. The section last referred to relates only to state detention farms leased by the State for the work and rehabilitation of persons confined in county jails. (See 1967, No. 345 (Adj. Sess.), § 32, effective April 1, 1969, as amended 1969, No. 33, § 1 relating to the abolition of county jails.)

The release of inmates from the state prison for work outside the walls of that institution is governed by 28 V.S.A. § 207. This section provides that a prisoner so engaged shall be subject to the rules and regulations of the institution and be under the direction and control of its officers. An escape from such custody constitutes an offense under 13 V.S.A. § 1501. 28 V.S.A. § 207, subsections (a) and (g). See also *Boyce* v. *State, supra,* 250 A.2d at 203. The defendant was

properly tried and convicted of the crime of escape under the appropriate provisions of the statute.

*Judgment affirmed.*