THE STATE OF CONNECTICUT *vs.* GEORGE REILLY.

Third Judicial District, New Haven, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

In punishing an offense more severely if the offender has theretofore been convicted, sentenced and imprisoned, our statutes have not created any new, technical and distinct crime, such as a "second offense" or a "third offense," though those terms are sometimes used in an untechnical, informal way to describe the offense committed after one or more prior convictions. This is true of the Indeterminate Sentence Act (General Statutes, § 6660), which prescribes a heavier penalty for one who has twice been convicted, sentenced and imprisoned in a State prison or penitentiary; but if the State intends, upon the rendition of a verdict of guilty, to ask for the infliction of the heavier penalty because of such prior convictions, the information should apprise the accused of the ground or basis of such claim by alleging therein the fact of such convictions, sentences and imprisonments.

An allegation of three prior convictions instead of only two as required by the statute (§ 6660), is immaterial, as the excess is merely surplusage.

A prosecution for theft from the person, with an allegation in the information to the effect that the accused had thrice been convicted, sentenced and imprisoned in State prison, as prescribed in the Indeterminate Sentence Act (§ 6660), does not involve the validity or construction of § 6655 relating to "Incorrigibles," as there is no necessary relation or connection between such sections.

Argued January 23d—decided June 10th, 1920.

INFORMATION for theft from the person, coupled with allegations that the accused had theretofore thrice been convicted, sentenced and imprisoned in a State prison, brought to the Superior Court in New Haven County and tried to the jury before *Warner, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

The State's Attorney for New Haven County in an information charged the defendant, under a number of aliases, with theft of $16 from the person. This

charge was then followed by a statement, in the form prescribed by the statute (§ 6617), of three instances in which the defendant, prior to the present prosecution, had been convicted, sentenced and imprisoned in a State prison in New York. The defendant filed a motion to quash the information so far as it related to former convictions, for these reasons: "(1) there is no such offense as a second offense or a third offense, *per se,* provided for by statute in this State. (2) Because he can only be arraigned and tried for a specific offense that is defined by statute or law. (3) Because the only offense for which he can properly be tried is the charge of theft from the person. (4) Because said charge of theft from the person, does not include in its elements prior convictions, and to include" them would be prejudicial to the interests of the defendant. (5) Because the information containing the statements as to prior convictions would enable the State to offer evidence irrelevant to the crime of theft alleged to have been committed in this State.

The motion to quash was denied. The defendant thereupon demurred to the information because "(1) it in effect charges him with being a third offender when in fact and by law there is no such crime defined by or existing under the laws of the State of Connecticut. (2) The charge of being a third offender is recognized as being a distinctive offense and includes in its elements the facts of former convictions; but the statute under which the present prosecution is brought fails to establish or define a new crime, but instead thereof it expressly provides a larger penalty for a conviction for an offense forbidden by the laws of this State in cases where such conviction is a third one as to the accused. (3) The said statute is unconstitutional and void, because in terms it seeks to impose a penalty on an accused without a conviction by the jury as to his

guilt on a charge upon which the increased penalty attaches, and thereby deprives him of due process of law."

This demurrer was overruled; the accused pleaded "not guilty," and the jury returned a verdict of "guilty as charged."

The defendant then moved in arrest of judgment because he had been found guilty on an information purporting to charge him with an offense "which does not exist in law in Connecticut, to wit, the crime of a 'third offense.'" The defendant also filed a motion to set aside the verdict as contrary to the law and the evidence. Both of these motions were denied. The court thereupon sentenced the defendant to the State prison for not less than five years nor more than thirty years. From this judgment the defendant appealed for alleged errors in the denial of the motion to quash, in overruling the demurrer to the information, in admitting exemplified copies of the records of prior convictions, in admitting in evidence the testimony of identifying witnesses, and in denying the motion in arrest and the motion to set aside the verdict.

*Kenneth Wynne,* for the appellant (the accused).

*Arnon A. Alling,* State's Attorney, and *Walter M. Pickett,* Assistant State's Attorney, for the appellee (the State).

GAGER, J. The question raised upon this appeal is not based upon the constitutionality of the Act or Acts under which the defendant was sentenced, nor upon any claim that an habitual offender's law is not a proper exercise of legislative power. As stated by defendant's counsel in his brief, "This case hinges on what law our says." And the claim, as appears from

the demurrer and the motion to quash, is, in effect, that the defendant was tried and found guilty of a third offense, while the defendant says that there is no statute which provides for such an offense as a second offense or a third offense; that the offense for which he could be arraigned and tried was upon an information of· theft from the person and nothing else. The remaining statements of the appeal all turn upon the correctness of the claim as to whether, under our statutes as they stand, the trial and sentence of the accused, as appears from the record, was authorized.

The sole claim made by the defendant is that under our statutes it was improper to try the accused upon an information containing allegations of three prior convictions and imprisonments in the State prison or penitentiary, because our statutes are defective in not clearly stating and describing the crime as a third offense. It may be admitted that our statutes do not create a technical, distinct offense known as third offense as a distinctive crime complete in itself, and no such offense is in terms charged in the information. What the statutes do contemplate and provide for is, that in case of one or two prior convictions the penalty for the new offense on which the defendant is tried and convicted may be made severer than when there is no such prior conviction. The use of the term "second offense" or "third offense" is an untechnical statement of what the statute does describe as an offense committed after one or more prior offenses, and not as a different offense. Hence in *State* v. *Ryan*, 68 Conn. 512, 517, 37 Atl. 377, JUSTICE TORRANCE, referring to the liquor statute, used this language: "The offense attempted to be charged is *what is known as* a 'second offense.'"

In the present case the defendant was, in the usual form, charged with theft from the person under § 6254.

The information then alleged three former convictions in the manner provided in § 6617. These former convictions in the present case were all obtained in another jurisdiction. They are no part of the crime charged against the defendant as committed in this jurisdiction, but are necessary to enable the court to apply the Indeterminate Sentence statute, § 6660, which, after providing for a maximum and minimum for State prison sentence other than for life and as connected with a capital offense, goes on as follows: "*provided*, when any person so sentenced shall have twice before been convicted, sentenced and imprisoned in a state prison or penitentiary, the court shall sentence said person to a maximum of thirty years."

The Indeterminate Sentence Act creates no new crime. It does, however, recognize and provide for different degrees of criminality with reference to the same criminal offense, and by force of the statute takes into account, as a proper element to be considered in determining the penalty but not as to the commission of the crime or what the crime is, the fact of having twice before been convicted. It is a legislative adoption of the same method that is necessarily followed by a court in determining, within the limits prescribed by the statute, the maximum and minimum terms of imprisonment, or in appropriate cases in determining whether or not the person convicted shall be admitted to probation. The facts which may influence the court in either of these particulars are not necessarily or ordinarily any part of the crime which has been charged. They are collateral matters, and whatever the measure of punishment adopted as a result of these collateral facts, the offense as a criminal offense remains unchanged. The distinction, under the Indeterminate Sentence statute, between a case where one has twice before been convicted, and the ordinary case, is that

where the maximum and minimum terms in the ordinary case are determined by the sound discretion of the court on such information as may be presented to it at the time of sentence, in the case of two prior offenses the statute takes away the discretion of the court and requires a maximum of thirty years. Inasmuch as the maximum sentence for an offense is imperatively fixed by the statute, in case the defendant has been twice before convicted, sentenced and imprisoned, and this maximum exceeds the maximum in case of a first offense, it follows that if the State intends to make any claim to raise the penalty by reason of such prior conviction, the defendant should in the information be apprised of this additional element upon which such claim of the State is to be based. It is, accordingly, a uniform rule that such additional allegations relating to the penalty alone should be incorporated in the information. *State* v. *Ryan*, 68 Conn. 512, 37 Atl. 377; 22 Cyc. p. 357; 1 Bishop's Criminal Law (8th Ed.) § 961; 8 R. C. L. p. 276, § 293; Annotated Cases, 1912A, p. 1001 note; *Goeller* v. *State*, 119 Md. 61, 85 Atl. 954; Annotated Cases, 1914C, 562; *State* v. *Compagno*, 125 La. 669, 51 So. 681, overruling *State* v. *Hudson*, 32 La. Ann. 1052. See, also, exhaustive notes in 34 L. R. A. p. 398 and 24 L. R. A. (N. S.) p. 432; and so are the authorities generally.

The distinction we have drawn between the criminal offense and the penalty, is, also, amply supported by the authorities. In *McDonald* v. *Massachusetts*, 180 U. S. 311, 21 Sup. Ct. 389, 45 L. Ed. 542, Mr. Justice Gray, reviewing an opinion upon the same case in 173 Mass. 322, 53 N. E. 874, said: "The punishment is for the new crime only, but is the heavier if he is an habitual criminal. . . . The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and

goes to the punishment only." *Graham* v. *West Virginia*, 224 U. S. 616, 32 Sup. Ct. 583, 56 L. Ed. 917, arose under the West Virginia statute which provides for an additional penalty in case of prior convictions. The West Virginia statute was in substance like ours, and reads: "When any such convict [i. e. one convicted of an offense and sentenced to confinement in the penitentiary] shall have been twice before sentenced in the United States to confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life." Sec. 24, Chap. 152 of the Code. Provision was further made by the statute for two situations, one when the fact of prior convictions was known at the time of the trial for a new offense, and one when such fact was not known until subsequent to the trial and imprisonment for the new offense. The defendant was tried, convicted and imprisoned for an offense, and thereafter the fact of a former conviction was discovered. Special proceedings were then brought under the statute by information setting forth the several convictions and alleging the identity of the defendant with the person named in each. Upon proof of these allegations the prisoner received the additional sentence provided for in case of prior conviction. This procedure was held valid. The court, speaking by Mr. Justice Hughes, after affirming the propriety of severer sentences for old offenders, referred to the fact that statutes providing for such severer sentences have long existed both in England and this country, and that such legislation has been uniformly sustained in the State courts, and said, with reference to the specific case then before the court: "While it is familiar practice to set forth in the indictment the fact of prior conviction of another offense, and to submit to the jury the evidence upon that issue together with that relating to the commission of the crime which the indict-

ment charges, still in its nature it is a distinct issue, and it may appropriately be the subject of separate determination. . . . Although the State may properly provide for the allegation of the former conviction in the indictment, for a finding by the jury on this point in connection with its verdict as to guilt and thereupon for the imposition of the full sentence prescribed, there is no constitutional mandate which requires the State to adopt this course even where the former conviction is known. It may be convenient practice, but it is not obligatory. This conclusion necessarily follows from the distinct nature of the issue and from the fact, so frequently stated, that it does not relate to the commission of the offense, but goes to the punishment only, and therefore it may be subsequently decided." In *People* v. *Sickles*, 156 N. Y. 541, 51 N. E. 288, the court said, on page 547: "I regard it as a necessary and logical conclusion, where an increased punishment is prescribed by the statute upon conviction for a second offense, that the prior conviction enters as an ingredient into the criminality of the prisoner. Not that the fact of the prior conviction tends, in any wise, to prove the commission of the second offense; but it aggravates the guilt of the prisoner and, as a hardened, or unreformed, criminal, subjects him to an increased punishment for the repeated crime."

Reading, as we must, the Indeterminate Sentence statute as part of the statute relating to every crime to which it applies, and in this case to the statute (§ 6254) relating to the crime of theft from the person, we cannot see why the allegations necessary to invoke the severer penalty provided by the statute in case of two prior convictions are not properly and correctly stated in the information before us. Two separate issues are presented: first, was the defendant guilty of the crime charged? This relates to the crime only. Second, if

guilty, had the defendant twice before been convicted, sentenced and imprisoned? This relates to the penalty only, and does not involve or state any other or different crime from that first stated. The jury must by their verdict answer each of these issues. No claim is here made that such answer was not properly given in this case, and we must assume that this was done under proper instructions.

The claim of unconstitutionality raised by the demurrer was expressly waived in defendant's brief.

The question discussed is specifically that raised by the motion in arrest, to wit: "The verdict of the jury is contrary to law in that it is a finding of guilty on an information purporting to charge him with an offense which does not exist in law in Connecticut, to wit, the crime of a 'third offense.'" The denial of the motion to quash, and the overruling of the demurrer, were warranted quite independently of the holding as to a third offense, because, under the statute, § 6607, the defendant might have been found guilty of theft from the person only, or under § 6654, providing, in the case of State prison offense, for a double term for a second offense.

The allegation of three prior convictions instead of only two is immaterial. The State might fail in its proof as to one and the statute takes account of only two. If more than two convictions are alleged or proved, the additional allegation of conviction is mere surplusage. *Taylor* v. *Commonwealth*, 3 Ky. L. Rep. 783; *State* v. *Jones* (Iowa), 128 Fed. Rep. 626.

The defendant's argument is made substantially upon the assumption that this prosecution was based upon § 6655, entitled "Incorrigibles," and that this section is fatally defective in form. We do not think it is necessary to discuss this section. The Indeterminate Sentence section and the section relating to

theft from the person, taken together, as they necessarily must be, are complete in themselves without in terms raising any question of incorrigibility or habitual criminality. The resulting penalties differ materially, and the penalty inflicted in this case is in accord with the Indeterminate Sentence Act in form and spirit, for the sentence under the Indeterminate Sentence Act is a maximum of thirty years, while under the Incorrigible Act it is detention for twenty-five years after the expiration of the sentence for the crime charged in the Incorrigible Act. The appeal is limited in scope to the single point discussed, properly so we think, in view of the substantial uniformity of the decisions upon this subject, and we discover no question raised by the appeal that is not fully answered by the decision upon the main question.

There is no error.

In this opinion the other judges concurred.