## THE STATE OF CONNECTICUT *vs.* THOMAS DELMONTO.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 25th—decided November 25th, 1929.

*Lorin W. Willis,* Assistant State's Attorney, with whom, on the brief, was *William H. Comley,* State's Attorney, for the appellant (the State).

*Franklin Coeller,* for the appellee (the accused).

BANKS, J. The accused was tried upon an information charging him with unlawfully carrying a revolver in a motor vehicle and found guilty. Thereafter, and for the first time, the State offered an information charging that the accused had twice before been convicted, sentenced and imprisoned in a State prison or penitentiary, once in the Federal penitentiary at Atlanta and once in the State prison in this State. The State's Attorney had knowledge of these prior convictions when the accused was put to plea upon the original information, but did not inform the accused or his counsel or the court of his intention to file such information until after the accused had been found guilty and the jury discharged. The accused filed a motion to quash the second information, which was granted and the information dismissed, and the State, with the permission of the court, appealed.

Section 6660 of the General Statutes provides for the imposition of indeterminate sentences in the cases of persons sentenced to the State prison, and further provides that "when any person so sentenced shall have twice before been convicted, sentenced and imprisoned in a state prison or penitentiary, the court shall sentence said person to a maximum of thirty years." In sustaining the motion to quash, the court ruled, first, that allegations of prior convictions of the accused relating to the penalty alone must be incorporated in the original information, and second, that the words "state prison or penitentiary" in the statute were not intended to include the Federal penitentiary at Atlanta.

The function of an information under our practice, as well as of the indictment more commonly used in other jurisdictions, is to charge the person named in it with the commission of a crime the nature of which is therein set forth. An information which did not allege

facts constituting a criminal offense against the State would ordinarily be subject to a motion to quash or demurrer. That portion of our Indeterminate Sentence Act which relates to third offenders does not create a new crime. It relates solely to the penalty, taking away the discretion of the court and requiring a maximum penalty of thirty years in cases where the accused has two prior convictions. *State* v. *Reilly,* 94 Conn. 698, 702, 110 Atl. 550. The allegations of the second information do not charge the commission of a crime. They set up collateral matters affecting the penalty to be imposed for the offense charged in the original information, matters which, apart from the statute, would necessarily be considered by the court in fixing, within the limits prescribed by statute, the penalty to be imposed.

Logically the fact that the accused has been previously convicted of crime is not the proper subject-matter of an information alleging the commission of a crime. Since, however, the maximum sentence in the case of an accused who has been twice convicted, sentenced and imprisoned is absolutely fixed by the statute and exceeds the maximum for a first offense, fairness requires that the accused should be informed if the State intends to claim the additional penalty because of the prior convictions. It is, accordingly, a uniform rule that such additional allegations relating to the penalty alone should be incorporated in the information. *State* v. *Reilly, supra,* p. 703, and cases there cited. The filing of a separate information, when no prosecution of the accused is pending, alleging the commission of no crime, but merely that the accused has been found guilty of a certain crime and had previously been convicted, sentenced and imprisoned for two other crimes, is quite another matter. No penalty could be imposed under it since no offense is alleged.

It is found that the State's Attorney had knowledge of the prior convictions when the accused was put to plea upon the original information and we agree with the trial court that fairness to the accused required that he should have incorporated the allegations as to the prior convictions in the original information in accordance with the usual practice. It is suggested by the State that, unless a supplemental information may be filed after conviction, an accused may not receive adequate punishment in cases where the State does not have knowledge of the prior convictions at the time the accused is put to plea. Such fear is allayed by the provisions of § 6655 of the General Statutes which require that a person twice convicted and imprisoned in a State prison or penitentiary who shall subsequently be convicted and imprisoned in the State prison shall be deemed an incorrigible and be detained in the State prison for the further term of twenty-five years.

Because of the prejudice to an accused, on trial for a specific crime, which would result from the production before the jury of allegations and proof that he had twice before been convicted of crimes for which he was sentenced to and imprisoned in a State prison, we held in *State* v. *Ferrone,* 96 Conn. 160, 113 Atl. 452, that the allegations of prior convictions should be upon a second page of the information, separable from the first page, and should not be brought to the attention of the jury until after it had returned a verdict of guilty of the crime charged. We there outlined the procedure to be followed in this State in the absence of statutory regulation. That procedure, while providing for the division of the information in such cases into two parts as indicated, still requires that such allegations of prior convictions be incorporated in the information for the specific crime with which the ac-

cused is charged, and such has been the uniform practice. The trial court was right in dismissing the second information for the reasons stated.

The court reached the further conclusion that imprisonment in the Federal penitentiary at Atlanta, Georgia, did not subject the accused to the imposition of the maximum sentence of thirty years under § 6660. This we think was a correct interpretation of the statute. The words "prison" and "penitentiary" are used synonymously to designate institutions for the imprisonment of persons convicted of the more serious crimes, as distinguished from reformatories and county or city jails. Such an institution in some States is known as the State penitentiary and in others, as with us, as the State prison. The ordinary grammatical construction of the phrase, "in a state prison or penitentiary," without punctuation, would require that "state" qualifies "penitentiary" as well as "prison," and that the imprisonment referred to must be either in a state prison or a state penitentiary. Such construction is fortified by the rule that the statute, being a highly penal one, should be strictly construed. The consideration that, for the protection of society, the statute should not exclude from its operation the desperate criminal who has twice served long periods in a Federal penitentiary is to some extent offset by the fact that these institutions are also used as places of confinement for minor Federal offenses of a grade which under State laws would be punishable by imprisonment in jail only. The argument, too, is more appropriate to a question of legislation than to one of interpretation of a statute.

There is no error.

In this opinion the other judges concurred.