STATE OF CONNECTICUT *v.* GILBERT F. MEAD, JR.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 6—decided May 6, 1943.

*Reinhart L. Gideon,* public defender, for the appellant (defendant).

*Hugh Mead Alcorn, Jr.,* state's attorney, with whom, on the brief, were *John P. Hodgson* and *Charles S. House,* assistant state's attorneys, for the appellee (state).

DICKENSON, J.  The defendant was sentenced to a term of imprisonment in the state prison on January 13, 1932, and served this sentence.  On April 8, 1941, he was again convicted and sentenced to the state prison.  He served part of his sentence in the prison at Wethersfield and on August 21, 1941, was transferred to the prison farm in Enfield.  He escaped from the farm on September 7, 1941, was captured October 13, 1941, and returned to the prison at Wethersfield where he was placed in a "segregation" cell as a matter of routine prison discipline.  While there he was brought before the Superior Court on a bench warrant and charged with escape and with having twice before been convicted, sentenced and imprisoned in a state prison in violation of General Statutes, § 6507.  On January 20, 1942, the defendant pleaded not guilty to the charge of escape, was tried by a jury and found guilty.  On January 28, 1942, he pleaded guilty to that

part of the information charging him with having twice before been convicted, sentenced and imprisoned in a state prison. The court adjudged him "guilty as charged in said information" and sentenced him to imprisonment in the state prison "during the period of not less than fifteen years and not more than thirty years, said sentence to take effect at the expiration of the term of imprisonment in said prison in force and unexecuted at the time of his sentence. . . ."

The defendant claims that General Statutes, § 6507, is unconstitutional. This statute provides as follows: "When any person shall be sentenced to the State Prison, otherwise than for life or in connection with a sentence of execution for a capital offense, the court imposing the sentence shall establish a maximum and minimum term for which such convict may be held in said prison. The maximum term shall not be longer than the maximum term of imprisonment prescribed by law as a penalty for such offense, and the minimum term shall not be less than one year; provided, when any person so sentenced shall have twice before been convicted, sentenced and imprisoned in a state prison or penitentiary, the court shall sentence such person to a maximum of thirty years. . . ." The defendant contends that, while the statute has frequently been before us for interpretation, its constitutionality has never directly been upheld. It would be a short answer to say that it has never been questioned in our jurisdiction. As was said by Mr. Justice Hughes in *Graham* v. *West Virginia*, 224 U. S. 616, 623, 32 Sup. Ct. 583: "The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted"; and

(p. 631) a conviction under such a statute furnishes "no basis for the contention that the plaintiff in error has been put in double jeopardy or that any of his privileges or immunities as a citizen of the United States have been abridged. Nor can it be maintained that cruel and unusual punishment has been inflicted." In *Carlesi* v. *New York*, 233 U. S. 51, 59, 34 Sup. Ct. 576, it was said that the decision in *Graham* v. *West Virginia* left "no room for any further controversy whatsoever on the subject." Such a statute "affects alike all persons similarly situated and therefore does not deprive any one of the equal protection of the laws . . . or put the accused twice in jeopardy." *McDonald* v. *Massachusetts,* 180 U. S. 311, 313, 21 Sup. Ct. 389. The accused voluntarily brings himself within a class covered by the statute. *People* v. *Palm,* 245 Mich. 396, 403, 223 N. W. 67. "The enhanced punishment under such statutes is an incident of the subsequent offense only," and does not constitute double jeopardy. 25 Am. Jur. 263, § 6. It relates solely to penalty, *State* v. *Delmonto,* 110 Conn. 298, 300, 147 Atl. 825. General Statutes, § 6507, is constitutional.

The defendant had been confined in the state prison at Wethersfield on his second conviction for some four months and at the prison farm at Enfield for about two weeks before he escaped. He claims that not having completed his sentence he had not been "imprisoned" within the meaning of the statute and could not be legally convicted as a third offender; and that, the purpose of imprisonment being rehabilitation, recidivism may not be assumed until the completion of the sentence. We said in *Drinkall* v. *Spiegel,* 68 Conn. 441, 447, 36 Atl. 830, "An offender against the justice of one State can acquire no rights by defrauding that justice. Between him and the justice he has offended

no rights accrue to him by his flight." Where a statute expressly provided that the prisoner should be "discharged, either by pardon or by compliance with the sentence" in order to convict him as a second offender, it was held that failure to serve the full sentence was a bar. *State* v. *Christup*, 337 Mo. 776, 780, 85 S. W. (2d) 1024, and see *Commonwealth* v. *Mott*, 38 Mass. 492, 498. But in the absence of any such provision, a reasonable construction of the word imprisonment would be any period of time, otherwise a premium would be placed upon the act of escape. *People* v. *Carkeek*, 35 Cal. App. (2d) 499, 502, 96 Pac. (2d) 132. The purpose of such statutes is to remove from society persons whose criminal tendencies have not been cured by punishment and by the state's efforts to rehabilitate them. The defendant in the instant case served part of his second sentence and, by his escape, frustrated further efforts to rehabilitate him. His punishment as a third offender came within the spirit as well as the letter of the statute.

The defendant makes the further claim that his escape was not from the state prison, being from the prison farm. General Statutes, § 6173, relating to escape, provides that "Any person legally confined in the State Prison, who shall escape . . . from said prison, shall be imprisoned. . . ." The defendant calls attention to General Statutes, § 1971, which contains the statement that "The land of the state, and its appurtenances, in Wethersfield, shall remain the State Prison." The phrase is confirmatory, not exclusive. Subsequent to the adoption of the Revision of 1930 the legislature appropriated money for the purchase of land, construction of buildings and purchase of equipment in order to establish a farm to be conducted in connection with the prison; 21 Spec. Laws 53, No. 76; and also established a fund for its operation "by

such prisoners as may be assigned to labor thereon." General Statutes, Cum. Sup. 1935, § 786c. Prisoners may be transferred to the farm and, when so transferred, may earn a greater commutation of sentence than when confined at Wethersfield. General Statutes, Cum. Sup. 1935, § 783c. They are there housed in a building surrounded by a high wire fence, the gates of which are locked at night, the period when the plaintiff escaped. No claim was made on the trial, so far as the record discloses, that this was not an escape from the state prison within the meaning of the statute, and as the record stands it appears that the prison farm is a department and integral part of the institution known as the state prison, so that an escape from the farm was in fact one from the prison.

The defendant claims that the trial court erred in imposing sentence in that there were two counts and but one sentence; that a minimum should have been imposed on the count charging escape and a maximum under the habitual criminal section; and that the minimum under the escape statute had to be less than ten years, the maximum penalty under that statute. The sentence was proper. The statute requires a maximum penalty of thirty years; *State* v. *Reilly,* 94 Conn. 698, 702, 110 Atl. 550; *State* v. *Delmonto,* supra, 300; but places no limitation on a minimum "other than the obvious inference that it should not be less than that provided for the specific offense—one year." *State* v. *Groos,* 110 Conn. 403, 411, 412, 148 Atl. 350. The defendant in his brief asks that we re-examine the latter decision. We have done so and find it represents our considered opinion of the intent of the statute taken as a whole.

To the defendant's claim of double jeopardy because of solitary confinement upon his return after escape, a sufficient answer is that this was not imposed as pun-

ishment for the crime of escape from the prison but as a measure of prison discipline. *State* v. *Cahill,* 196 Iowa 486, 491, 194 N. W. 191. The defendant contends that habeas corpus proceedings should have been resorted to for his production in court and not a bench warrant. The use of a bench warrant was customary and proper. General Statutes, § 6446; 22 C. J. S. 624, § 405.

It was found that the accused insisted on trying his own case although offered the assistance of the public defender. Had he accepted the help thus made available to him by statute, it is possible that certain of the rulings of the trial court referred to in his brief might have been so raised as to warrant consideration on appeal. As it is, they present no questions which are reviewable on the record before us.

There is no error.

In this opinion the other judges concurred.