PERLEY E. ARMSTRONG *v.* DONALD POTTER, SHERIFF

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 105348

Memorandum filed August 13, 1956.

*Schatz & Schatz*, of Hartford, for the plaintiff.

*Albert S. Bill*, state's attorney, of Hartford, for the defendant.

COTTER, J. On February 14, 1956, the petitioner, Perley E. Armstrong, appeared before the Town Court of West Hartford and was presented upon a complaint, No. 25993, entitled State v. Perley Ernest Armstrong. This warrant charged him with a violation of § 2412 of the General Statutes concerning driving while under the influence of liquor or drugs. At the time of this appearance, the clerk informed the judge that there was a "second warrant" charging him with operating while under the influence of liquor, second offense. Upon presentment on the "second warrant," there was some discussion between counsel, prosecutor and the judge. After this discussion and a recess, the defendant Armstrong was again presented. This time he was then charged with operating while under the influence of liquor under warrant No. 25593, to which the accused pleaded guilty. At this arraignment and presentment the clerk informed the court, "We have a second charge." The court thereupon directed the clerk, "Put Mr. Armstrong to plea on that charge." The

clerk thereupon stated, "You are charged with operating while under the influence of liquor, second offense. What is your plea?" Thereupon the accused demurred. Then the court said, "I will find Mr. Armstrong guilty of operating under the influence and fine him $102. The hearing on the law can be held at the same time the second charge is heard." The court set an appeal bond of $500.

On February 21, 1956, Armstrong's attorney sent a check of $102, together with a letter to the clerk of the Town Court of West Hartford in payment of the fine imposed on February 14, 1956. The clerk retained the check until March 1, 1956, when it was returned to the attorney for the accused with a letter dated March 1, 1956, stating: "Enclosed herewith you will find your check for $102.00 which is returned to you in accordance with decision of the court on this date."

On March 1, 1956, the accused was presented again and the court stated: "I shall reopen the judgment rendered on February 14, 1956 in the case of Perley Ernest Armstrong, and order erased the finding of guilty of operating under the influence of intoxicating liquor and order erased the fine of $102. I shall enter the following judgment. The defendant is found guilty of operating under the influence of intoxicating liquor. I now request and direct the Clerk to have the defendant presented to the charge of operating under the influence of alcohol in accordance with the information." The clerk thereupon asked, "Both warrants?" and the court replied, "Both warrants." Thereupon the clerk presented the accused on warrant No. 25993, to which he pleaded guilty. Thereafter the clerk presented him on another warrant, No. 25993A, plaintiff's exhibit B, charging him with operating under the influence of liquor, second offense. To this the accused pleaded not guilty. The court thereupon

found him guilty as a second offender and imposed a sentence of sixty days in the Hartford County jail.

The petitioner claims his confinement in the county jail is illegal on the ground that the court had no power to reopen the judgment of guilty upon which a fine of $102 was imposed on February 14, 1956, that the procedure in presenting him as a second offender on March 1, 1956, was improper since he was presented before the court upon two warrants rather than a warrant in two parts. He also claims he was placed in double jeopardy and that the prosecution was so prejudicial he cannot now be given a fair trial.

The procedure to be followed wherein a person may be given a heavier penalty as a subsequent offender is set forth in detail in § 340 of the Connecticut Practice Book. This provides: "In any criminal case wherein the information alleges, in addition to the principal offense charged, a former conviction or convictions, such information shall be in two separate parts, each signed by the prosecutor. In the first part the particular offense with which the accused is charged shall be set out, and in the other part the former conviction or convictions shall be alleged. The plea and election of method of trial by the accused shall be first taken only on the first part of the information, but before he is put to plea thereon he shall be informed by the clerk, in the absence of the court, of the contents of the second part. The clerk shall enter on the docket the time and place of giving such information and include entry thereof in the judgment file. On a finding of guilty on the first part of the information, plea shall be taken and, if necessary, election made on the second part and trial thereon proceeded with. If the accused shall have elected a jury trial on the second part of the information, such trial may be had to the same

or another jury as the court may direct." This method was thoroughly discussed and directed by our Supreme Court in *State* v. *Ferrone,* 96 Conn. 160, 175. See *State* v. *Mead,* 130 Conn. 106, 107. "That procedure, while providing for the division of the information in such cases into two parts as indicated, still requires that such allegations of prior convictions be incorporated in the information for the specific crime with which the accused is charged, and such has been the uniform practice. The trial court was right in dismissing the second information for the reasons stated." *State* v. *Delmonto,* 110 Conn. 298, 301, 302. It is contemplated tnat there shall be only one information in two parts for successive offenses.

The legislature in its discretion may provide heavier punishment for second offenders and has done so under § 2412. The statute inflicting a more severe penalty in such a case does not create an offense. It merely prescribes punishment for the subsequent offense which is more severe. *State* v. *Reilly,* 94 Conn. 698, 24 C.J.S. 1143, n.25. The fact of the second offense is a "status," not a crime. *State* v. *Jones,* 124 Conn. 664, 670; *State* v. *Delmonto,* supra, 300; *State* v. *Miglin,* 101 Conn. 8, 10. Without a finding of guilty of the subsequent offense, there would be no conviction as a second offender, since the second offense is punished, not the first. *State* v. *Holder,* 49 Idaho 514.

"Two separate issues are presented: first, was the defendant guilty of the crime charged? This relates to the crime only. Second, if guilty, had the defendant twice before been convicted, sentenced and imprisoned? This relates to the penalty only, and does not involve or state any other or different crime from that first stated." *State* v. *Reilly,* 94 Conn. 698, 705, 706.

Since the court found the accused guilty under one warrant on February 14, 1956, and imposed a fine, the clerk was bound to accept payment of the fine. He had no control over the judgment at that time. The fine having been paid, the court could not reopen the judgment on March 1, since it was satisfied. The transcript of the court proceedings show that the judgment on warrant No. 25993 was a final one before the attempt to reopen it was made. It is clear that where an act has been done in execution of a sentence, the court is without power to erase the judgment. While the established rule is that sentence in a criminal case may be modified at any time during the term of court at which it was imposed, such modification cannot be made after an act has been done in execution of it. *State* v. *Pallotti,* 119 Conn. 70, 74.

The filing of the second warrant was improper, invalid and of no effect, since it did not properly allege facts constituting a criminal offense. It related solely to the penalty. Since no offense was alleged, no penalty could be imposed. *State* v. *Delmonto,* 110 Conn. 298, 300.

The court finds that the sentence of February 14, 1956, remains in full force and effect; that the accused is guilty of operating under the influence of liquor and must pay a fine of $102; that the information or warrant No. 25993A is invalid and the sentence imposed thereon improper.

The application for habeas corpus is granted, and the petitioner is entitled to be discharged on the second warrant.