JOSEPH DALEY *v.* WARDEN OF STATE PRISON

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 110113

Memorandum filed September 24, 1957.

*Joseph Daley,* pro se.

COTTER, J.  On May 17, 1957, the petitioner was convicted in the Superior Court for the county of Hartford of being a habitual criminal and was sentenced to be confined in the state prison at Wethersfield for a period of not less than ten years and not more than thirty years.  The present petition of habeas corpus is brought upon the ground that the sentence imposed upon the petitioner is unconstitutional in that § 8825 of the General Statutes is administered in a manner that is unequal, discriminatory and arbitrary.  This is claimed upon the ground that there are presently confined in the state prison at Wethersfield a great number of prisoners who have been twice before convicted, sentenced and imprisoned in a state prison or penitentiary and yet have not been sentenced as habitual criminals under § 8825 of the General Statutes because the state's attorney for the county from which they were sentenced has not chosen to present them as such.

The habitual criminal statute does not constitute a separate or a new offense.  It relates to the penalty only and increases the maximum that may be imposed for the offense charged in the original infor-

mation. *State* v. *Delmonto*, 110 Conn. 298, 300; *State* v. *Reilly*, 94 Conn. 698, 702; *State* v. *Ferrone*, 96 Conn. 160, 172; *Armstrong* v. *Potter*, 20 Conn. Sup. 101.

There was no claim upon the part of the petitioner that the court was without jurisdiction to try the offense, but that someone else may have not been presented as a habitual offender and such failure to present such other person or persons violates the constitutional rights of the petitioner. In effect he is claiming that his sentence was too harsh, since the habitual offender statute only relates to the penalty. In such a case, while it is admitted that the judgment is valid, that the court had jurisdiction and that the process by which he was imprisoned is valid, the petitioner seeks collaterally to raise an issue which should have been raised in the form of an appeal. In effect he is seeking to attack the judgment collaterally and this he cannot do. *Perell* v. *Warden*, 113 Conn. 339, 343; *In re Bion*, 59 Conn. 372, 386; *Epps* v. *Slavin*, 9 Conn. Sup. 460, 464; note, 76 A.L.R. 468.

The statute does not require the state's attorney to present every third offender as a habitual criminal. The use of this statute is clearly a matter of public policy and leaves some discretion with the prosecuting authority as to a determination or recommendation of sentence of an accused. The execution and administration of the business of the courts is reposed in the judicial department. In many cases the proper and efficient administration of justice requires compromise pleas of guilty. The court has "the inherent power to accept the compromise plea of guilty as a first offender. That power has been exercised ever since the early days of common-law jurisprudence, and where wisely controlled, is a valued adjunct to the administration of criminal law. It is an elementary principle of

statutory construction that, in the absence of any express statutory provision depriving the court of that inherent power, all statutes must be construed in the light of that power, and reconciled with the continued exercise thereof." *People* v. *Simmons,* 226 N.Y.S. 397, 401.

In the cases where the state's attorney has failed to present an accused properly as a habitual offender as required by § 340 of the Practice Book, it has been held that he cannot thereafter inform against the accused as a habitual criminal, and the supplemental information filed after conviction will be dismissed. *State* v. *Delmonto,* 110 Conn. 298, 301. Likewise, where a person is presented as a habitual criminal, the jury or the court might not believe the evidence of prior convictions and might find such person not guilty of the prior offenses. In such case, the accused would be sentenced as a first offender under the original charge. *State* v. *Hefflin,* 338 Mo. 236, 241.

Judgments cannot be attacked collaterally by going behind them to find out why a particular sentence may have been imposed. The inmates now serving sentences in the state prison at Wethersfield who were third offenders and not sentenced as habitual criminals were probably not presented as third offenders and might have been found not guilty on the third offender charge or the state's attorney might not have known of the prior sentences. Procedural requirements might not have been followed in informing the accused as third offenders; certain witnesses necessary to prove the third offender charge might not have been available; the state's attorney might have decided that prior convictions from another state were not so serious as would likely call for a state prison sentence in our jurisdiction and therefore have not presented such inmates as third offenders for such reasons. If all of these judg-

ments were collaterally attacked in this manner, our system of administration of justice would become chaotic.

Other states have permitted a certain amount of discretion to the state's attorney or other administrative official. In California it has been held that where the prosecutor or state's attorney has it arbitrarily within his discretion to punish the prisoner for a felony or misdemeanor by merely inserting or leaving out the fact of a prior conviction, the statute under which the prisoner is presented is constitutional. The court held that it was not a delegation of legislative power to the prosecutor and was valid. *People* v. *Mock Don Yuen,* 67 Cal. App. 597, 600; note, 58 A.L.R. 20, 29.

The validity of a statute may not be assailed because the person charged with administering it acts unfairly. That is conduct which may call for another remedy but not a collateral attack under the judgment. *People ex rel. Nechamcus* v. *Warden of City Prison,* 144 N.Y. 529, 539; 12 Am. Jur. 257, § 566.6. It is not enough to show that a law has not been enforced against other persons as it is sought to be enforced against the person claiming discrimination. *Mackay Telegraph & Cable Co.* v. *Little Rock,* 250 U.S. 94; 12 Am. Jur. 258, § 566.12.

The claim that the Habitual Criminal act permits arbitrary and unreasonable discriminations in its enforcement was likewise overruled in *Levell* v. *Simpson,* 142 Kan. 892, appeal dismissed, 297 U.S. 695, rehearing denied, 297 U.S. 728; note, 116 A.L.R. 209, 214.

While it has been necessary to go to other jurisdictions to find cases, many of our Supreme Court decisions have indicated that the prosecution has such a discretion in cases in which the court has interpreted the indeterminate sentence act. In *State*

v. *Reilly*, 94 Conn. 698, 703, the court states: "Inasmuch as the maximum sentence for an offense is imperatively fixed by the statute, in case the defendant has been twice before convicted, sentenced and imprisoned, and this maximum exceeds the maximum in case of a first offense, it follows that if the State intends to make any claim to raise the penalty by reason of such prior conviction, the defendant should in the information be apprised of this additional element upon which such claim of the State is to be based. It is, accordingly, a uniform rule that such additional allegations relating to the penalty alone should be incorporated in the information." Similar language has been used by the court in *State* v. *Delmonto*, 110 Conn. 298, 300: "Since, however, the maximum sentence in the case of an accused who has been twice convicted, sentenced and imprisoned is absolutely fixed by the statute and exceeds the maximum for a first offense, fairness requires that the accused should be informed if the State intends to claim the additional penalty because of the prior convictions. It is, accordingly, a uniform rule that such additional allegations relating to the penalty alone should be incorporated in the information."

The petitioner has placed some stress upon the fact that § 8825 of the General Statutes uses the words "the court shall sentence such person to a maximum of thirty years." It is claimed that the statute is mandatory and therefore not discretionary.

"It is not a question of what dictionaries say but of what the courts have held that makes the law . . . the word 'shall' being quite clearly not intended to fetter the court's discretion. As hereinbefore stated, the legal meaning of 'shall' is not the lay meaning. There are a host of cases on this point. . . . 'The words "shall" and "must" when found in a statute

are not always imperative. Matter of State of New York [In re Toll Bridge in St. Lawrence County] 207 N.Y. 582, 585. The instances are many in which courts have treated a mandatory word as merely permissive when necessary to sustain an act or accomplish the purpose which was clearly intended. *Matter of Rutledge,* 162 N.Y. 31; *Canal Commissioners* v. *Sanitary District of Chicago,* 184 Ill. 597; *State* v. *Strait,* 94 Minn. 384, 391; *In Anderson's Appeal,* 215 Penn. St. 119, it was said: "The word 'shall' when used by the Legislature to a court is usually a grant of authority and means 'may'." "As against the government, the word 'shall,' when used in statutes, is to be construed as 'may,' unless a contrary intention is manifest." *Railroad Co.* v. *Hecht,* 95 U.S. 168, 170.' [*Munro* v. *State,* 223 N.Y. 208.]" *People* v. *Simmons,* 226 N.Y.S. 397, 405, 407.

In view of the above authorities, it would appear that the court in the proceedings acted legally and properly.

The petition for writ of habeas corpus is dismissed.