STATE OF CONNECTICUT *v.* VICTOR R. HENKEL

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 3-21

Argued June 30—decided October 25, 1961

*J. Ennis McQuail,* of Bethel, for the appellant (defendant).

*William W. Sullivan,* assistant prosecuting attorney, for the appellee (state).

WISE, J. The defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227 of the General Statutes. On January 17, 1961, the defendant was found guilty in a trial to the court. On that day, the court imposed a fine, which was paid by the defendant on the same day. On January 31, 1961, the defendant appealed, requesting a review of the trial court's conclusions upon the facts.

The question is whether a defendant who was found guilty by the trial court and voluntarily paid the fine imposed by the court can have his conviction reviewed by an appellate court. There is nothing in the record to indicate, nor is there any claim made, that there was fraud, duress or coercion on the part of the arresting officers, police officials or the trial court which might justify a determination that the proceedings in the trial court should be declared void.

In a criminal case, final judgment is the oral pronouncement of sentence by the court. Unless there is an acquittal or the imposition of some penalty, whether it is a fine or a sentence, there can be no judgment. *State* v. *Vaughan,* 71 Conn. 457, 460; *Berman* v. *United States,* 302 U.S. 211; 2 Am. Jur. 934, § 140; note, 126 A.L.R. 1210. In the instant case, when the trial court imposed the fine, it was a final determination of the merits of the criminal charge. It created finality; this was the

final judgment. *Kenney* v. *Walker,* 16 Conn. Sup. 76, 79. The judgment was not opened, vacated or erased. On the contrary, the defendant voluntarily paid the fine imposed in full.

There is some conflict in the decisions on the right of a defendant, after he has paid a fine, to have the judgment imposing the fine reviewed. In a majority of jurisdictions, and according to the weight of authority, the view is taken that a voluntary payment of the fine terminates the action and precludes a review of the conviction. 2 Am. Jur. 987, § 231; notes, 18 A.L.R. 867, 74 A.L.R. 638; 24 C.J.S. 1049, § 1668.

The basic reasoning of the jurisdictions representing the majority view is well stated in *Commonwealth* v. *Kramer,* 162 Pa. Super. 448. In that case, the defendant was charged with violating a penal code which forbade the sale of obscene books. The defendant elected to be tried by a judge. Following the trial, at which defendant presented evidence in his own behalf, the trial judge rendered a finding of guilty and imposed a fine, which defendant paid immediately and in full. The defendant appealed from the judgment. The court held (p. 449): "Defendant, on appeal to this Court, would question the sufficiency of the evidence to sustain the conviction, and contend that the magazine in question was not in fact obscene. We are precluded from passing upon the substantive question which defendant attempts to raise. When defendant paid the fine in full which had been imposed, there was a complete compliance with the sentence of the court; the questions became moot; the matter was at an end, and no right of appeal existed thereafter from the satisfied judgment and sentence. . . . The sentence imposed constituted the final judgment of the court. By the payment of the fine this was satisfied. Defendant now seeks to

raise a mere moot question." To the same effect see *Briggs* v. *State,* 152 Me. 180. For the reasoning of the minority view, see *Commonwealth* v. *Fleckner,* 167 Mass. 13; *Barthelemy* v. *People,* 2 Hill 248, 255 (N.Y.).

It would appear from *Armstrong* v. *Potter,* 20 Conn. Sup. 101, that the payment of the fine precludes an appeal. In that case, on February 14, 1956, the plaintiff was found guilty of operating a motor vehicle while under the influence of intoxicating liquor and was fined. The fine was subsequently paid by check, but the check was returned on March 1, 1956. On that date, the judgment of guilty was opened and the court ordered the erasure of the finding and fine. The plaintiff was then presented on two informations, one charging him with driving under the influence and the other charging him as a second offender, on both of which he was found guilty and sentenced to jail. On a petition for habeas corpus, the court held (p. 106): "The fine having been paid, the court could not reopen the judgment on March 1, since it was satisfied. The transcript of the court proceedings shows that the judgment on warrant No. 25993 [the charge of driving under the influence of liquor on which the fine was imposed and paid] was a final one before the attempt to reopen it was made. It is clear that where an act has been done in execution of a sentence, the court is without power to erase the judgment. While the established rule is that sentence in a criminal case may be modified at any time during the term of court at which it was imposed, such modification cannot be made after an act has been done in execution of it. *State* v. *Pallotti,* 119 Conn. 70, 74."

Section 54-13 of the General Statutes provides: "Any person appealing from the judgment of the circuit court, adjudging him to pay a fine only, may pay the same at any time before the appellate ses-

sion of the court, without further cost, which payment shall vacate the appeal and restore the judgment." This section by implication may be sufficient to hold that the payment of a fine precludes a review and, when read together with *Armstrong* v. *Potter,* supra, and *State* v. *Pallotti,* supra, seems conclusive that the payment of a fine terminates the case. To the same effect is § 54-14, which provides for withdrawal of appeals in cases where a jail sentence and a fine are imposed.

The instant case reached finality upon the voluntary payment of the penalty imposed. There was nothing to appeal from. The underlying reason is that on the carrying out of the sentence, which in this case was the payment of the fine, the litigation ended; and thereafter action by appeal is directed not to an existing but only to a moot case. *Young* v. *Tynan,* 148 Conn. 456, 459; *Hirsch* v. *Braceland,* 144 Conn. 464, 469. The opportunity for a man at all times to clear his record is, of course, of great value. Against this must be weighed the advantage to the state that litigation be ended at some stage. Any change should come from the legislature.

The appeal is dismissed.

In this opinion Daly and Reynolds, Js., concurred.