ALBERT BLOOM *v.* CHARLES LUNDBURG

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 5—decided November 21, 1961

68

*Jacob D. Zeldes,* with whom were *Arnold J. Bai* and, on the brief, *David Goldstein,* for the appellant (plaintiff).

*Otto J. Saur,* state's attorney, with whom, on the brief, was *John F. McGowan,* assistant state's attorney, for the appellee (defendant).

MURPHY, J. The plaintiff obtained a writ of habeas corpus to test the legality of his arrest and detention under a warrant issued by the governor of Connecticut on the requisition of the governor of New York, who sought his extradition to that state as a fugitive from justice. The court held that the requisition and the supporting documents were in accordance with the requirements of law and dismissed the writ. The plaintiff has appealed.

The court determined the matter on the sufficiency of the extradition papers, implemented by two waivers of extradition signed by the plaintiff. As the waivers are not material to the principal issue and the defendant has not urged their consideration, we shall disregard them.[1] No testimony was presented by either side. The finding of the court was based on certain exhibits which were introduced in evidence. They included the New York requisition papers; the arrest warrant based

---

[1] A motion by the plaintiff to strike and expunge an appendix to the defendant's brief has been granted.

thereon, issued by the governor of Connecticut with endorsements of service by the defendant, a state policeman; and three other documents to which specific reference is unnecessary.

With such corrections in the finding as the plaintiff is entitled to, the salient facts are these: The plaintiff was convicted in the state of New York on March 23, 1937, of the crime of forgery in the second degree and was sentenced as a second offender to an indeterminate sentence in prison for not less than ten years and not more than twenty years. He was confined under this sentence until July 27, 1943, when he was conditionally released on parole, but on June 19, 1945, he was declared delinquent and on June 18, 1946, was reimprisoned. He was again released on parole on December 6, 1954. He had then served fourteen years, nine months and twenty-two days. He was again, on March 3, 1957, declared delinquent and a parole violator. In 1958, in the United States District Court in Massachusetts, he was convicted of nineteen counts of unlawful possession of stolen mail and of forging and uttering United States treasury checks and was sentenced to imprisonment for two years and confined in the federal correctional institute in Danbury, Connecticut. On his release from that institution, he was arrested under the warrant issued by the governor of Connecticut. It is the claim of the plaintiff that the maximum penalty for a conviction of the crime of forgery in the second degree in New York is imprisonment for ten years and that he has served in excess of that term and therefore is not a fugitive from justice subject to extradition to New York. A claim advanced by him in the trial court that he could not be extradited from Connecticut because

he was in this state involuntarily to serve the sentence imposed by the federal court has been abandoned.

Article IV, § 2, of the United States constitution provides that a "Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." To implement the operation of this provision and to provide for its execution, Congress has enacted an extradition statute. 18 U.S.C. § 3182. In 1957, Connecticut adopted the Uniform Criminal Extradition Act. General Statutes §§ 54-157—54-185. The purpose of the act is to make uniform the law of those states which enact it. It also codifies the procedural features relating to extradition and serves to expedite the execution of both the constitutional provision and the federal law. *Cook* v. *Rodger,* 215 Ind. 500, 501, 20 N.E.2d 933.

The plaintiff concedes that a paroled convict who violates his parole can be extradited from an asylum state to serve the unexpired portion of the sentence imposed in the demanding state. He contends that the requisition and supporting papers from New York do not include any copy of an information or indictment charging him with being a second offender; that, therefore, the only valid sentence which could have been imposed, on the basis of these papers, was that applicable to a first offender; and that the lack of a copy of an information or indictment charging him with being a second offender is fatal to the extradition demand. There is no such information or indictment among the papers submitted to the governor of Connecticut.

Whether one is essential to warrant extradition is the sole question we have to decide.

The penal law of New York provides that forgery in the second degree is punishable by imprisonment for a term not exceeding ten years. N.Y. Pen. Law § 888. The punishment for a person convicted of forgery in the second degree who had previously been convicted of a felony must be an indeterminate term, the minimum of which must be not less than one-half of the longest term prescribed on a first conviction, and the maximum not longer than twice such longest term. Id. § 1941. The procedure under which a subsequent offender is to be arraigned and sentenced is governed by § 1943 of the Penal Law, which provides that an information shall be filed either after sentence or after conviction. The accused person then has to be presented in court, informed of the allegations in the information and advised of his rights, one of which, in the event that he does not admit the allegations, is to have a jury decide if he is a second offender.

The supporting papers to the requisition included a copy of the indictment of the plaintiff for forgery in the second degree and a copy of the judgment of March 23, 1937, reciting the conviction and imposing a sentence. The latter document recited the plaintiff's conviction by plea of guilty to the charge contained in the indictment and concluded as follows: "Ordered and Adjudged by the Court, that the said Albert Bloom, for the offense aforesaid, whereof he is convicted, he having been heretofore convicted of a felony, be imprisoned in the Sing Sing State Prison at Ossining, N.Y., at hard labor, under an indeterminate sentence, the maximum of such imprisonment to be Twenty Years No Months, and the minimum Ten Years No

Months." The governor of New York certified the supporting papers as authentic and duly authenticated in accordance with the laws of that state. He also stated in his demand that the plaintiff was present in that state at the time the crime was committed, was convicted and sentenced, broke the terms of his parole, and thereafter fled from the justice of New York state and was in Connecticut.

The plaintiff was convicted and sentenced for forgery in the second degree. By reason of the fact that he was a second offender, the punishment for that crime was greater than it would have been for a first offense. See *State* v. *Holloway,* 144 Conn. 295, 301, 130 A.2d 562; *State* v. *Mead,* 130 Conn. 106, 108, 32 A.2d 273; *State* v. *Delmonto,* 110 Conn. 298, 300, 147 A. 825. The punishment is for the new crime only, but is the heavier if the offender is a habitual criminal. *McDonald* v. *Massachusetts,* 180 U.S. 311, 312, 21 S. Ct. 389, 45 L. Ed. 542. The fact of the former conviction is an element merely in determining the degree of criminality of the second offense. "The Legislature of this State has said that one who commits a crime, after having been convicted of another crime, is a greater offender than as though he had not previously been convicted, and the punishment inflicted is solely for the second offense, to which a greater degree of criminality is thus attached." *People* v. *Carlesi,* 154 App. Div. 481, 487, 139 N.Y.S. 309, aff'd, 208 N.Y. 547, 101 N.E. 1114, aff'd, 233 U.S. 51, 34 S. Ct. 576, 58 L. Ed. 843; *People ex rel. Prisament* v. *Brophy,* 287 N.Y. 132, 135, 38 N.E.2d 468; *Graham* v. *West Virginia,* 224 U.S. 616, 624, 32 S. Ct. 583, 56 L. Ed. 917. The second offender statute in New York does not create a new crime any more than our Indeterminate Sentence Act (General Statutes § 54-121)

does. The facts which are necessary to enable the court to determine whether an accused is a second offender are not necessarily or ordinarily any part of the crime which has been charged. They are collateral matters and, whatever measure of punishment is adopted as a result of these collateral facts, the offense as a criminal offense remains unchanged. *State* v. *Reilly,* 94 Conn. 698, 702, 110 A. 550.

General Statutes § 54-159 enumerates the requirements for recognition by the governor of Connecticut of the extradition demand by the executive authority of another state. So far as it applies to this case, the statute provides that no such demand shall be recognized unless it is in writing and alleges that the accused was present in the demanding state at the time of the commission of the crime and thereafter fled from the state, and unless it is accompanied by a copy of the indictment found or "a copy of a judgment of conviction or of a sentence imposed in execution thereof," together with a statement by the executive authority of the demanding state that the person claimed has broken the terms of his parole. The documents submitted by the governor of New York contain all of these requirements. So long as the copy of the judgment recited the plaintiff's conviction of the crime of forgery in the second degree and his sentence as a second offender because he had previously been convicted of a felony, a copy of the information upon which he was presented as a second offender was not essential to the validity of the extradition request.

There is no error.

In this opinion the other judges concurred.