**UNITED STATES ex rel.
Chester BROWN**

v.

**Frederick REINCKE, Warden, Connecticut State Prison.**

**Civ. No. 11389.**

United States District Court
D. Connecticut.

May 20, 1966.

Igor I. Sikorsky, Jr., Hartford, Conn., for petitioner.

Otto J. Saur, State's Atty., John F. McGowan, Asst. State's Atty., Bridgeport, Conn., for respondent.

## RULING ON PETITION FOR A WRIT OF HABEAS CORPUS

BLUMENFELD, District Judge.

The petitioner is presently serving a sentence at Connecticut State Prison. After a trial to a jury who found him guilty of statutory rape, 53 Conn.Gen. Stats. § 238, and his subsequent plea of guilty to a supplemental information charging him with two prior felony convictions by the State of Maine,[1] he was sentenced on October 18, 1961, as an habitual offender for an indeterminate period of from not less than ten years to not more than thirty years, pursuant to 54 Conn.Gen.Stats. § 121. This statute, in pertinent part, provides: "when any person so sentenced has twice before been convicted * * * the court shall sentence such person to a maximum of thirty years." Connecticut's Supreme Court has said of it, "* * * in the case of two prior offenses the statute takes away the discretion of the court and requires a maximum of 30 years." State v. Reilly, 94 Conn. 698, 703, 110 Atl. 550, 552 (1920); State v. Delmonto, 110 Conn. 298, 300, 147 Atl. 825 (1929). The petitioner now alleges that he was not represented by counsel at the time of his first Maine conviction, the same ground that he advanced in an earlier application for a writ of habeas corpus in the state court.

---

1. The two Maine convictions and the periods of confinement are as follows: February 9, 1943, in Superior Court held at Augusta for the crime of uttering a forged document, a term of 1½ to 3 years; March 26, 1946, in Superior Court held at South Paris for the crime of larceny, a term of 2 to 4 years.

Without determining the facts, Brown's petition was denied by the Superior Court for Hartford County, Armentano, J., Chester Brown v. Warden, No. 145202, February 1966, on two grounds, one on the merits and the other on the lack of corrective process. As to the latter, the court said: "It is also extremely doubtful whether the State of Connecticut has the authority to void a conviction in the State of Maine. It is a matter for the Federal Court." In so ruling, note was not taken of the distinction between the enforcement of Maine's judgment and its use in the Connecticut proceedings "not merely as a datum bearing upon sentence, which the judge could consider in the light of all circumstances affecting its weight, but as a requirement compelling a longer sentence *ex proprio vigore*." United States ex rel. LaNear v. LaVallee, 306 F.2d 417, 420 (2d Cir. 1962). Although phrased in terms of lack of jurisdiction, the determination by the state court that it was not the appropriate tribunal for testing the validity of the earlier Maine conviction is effective as a holding that Connecticut does not have an available corrective process. However the state court's ruling may be classified, it is clear that state remedies have been exhausted.[2] The petitioner's request for certification of appeal pursuant to 52 Conn.Gen.Stats. § 470 was denied on February 28, 1960. Cf. United States ex rel. Carrono v. Richmond, 279 F.2d 170, 172 (2d Cir. 1960).

Complying with the mandate of Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962), an evidentiary hearing was held in this court. No evidence to the contrary was offered by the respondent, and I find that at the time of Brown's arrest in January 1943 the petitioner was only seventeen years of age, was living away from home, was without a job and did not have funds with which to employ counsel; that no legal assistance was provided him; that he was not informed of his right to counsel; that the court did not inquire of him with respect to counsel or appoint a guardian for him, although he was not a resident of the city where his case was pending; that he originally pled not guilty; and that his conviction was entered after a change of plea to guilty.

■■ As the State's Attorney readily conceded before me, the petitioner's plea of guilty to the supplemental information did not waive his right to challenge the constitutionality of his prior conviction. The only issue on that information was the petitioner's identity as the person twice convicted in Maine and whether he had served those sentences in a state prison. Considering that the state court expressed the opinion in this very case that Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), should not be retroactively applied "to avoid a conviction of the age involved here," Brown v. Warden, supra, it is obvious that it would have been a meaningless gesture for the petitioner to have interposed a plea to the supplemental information that he had been deprived of his constitutional right to counsel in the earlier Maine proceeding. See United States ex rel. Durocher v. LaVallee, 330 F.2d 303, 309 (2d Cir. 1964).[3] From another side, the lack of clairvoyance in the petitioner to foretell the subsequent decision in *Gideon* is not to

2. 28 U.S.C. § 2254 requires that "[a]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

3. Although not required to do so, the petitioner has sought and been denied habeas corpus relief in the State of Maine on the ground that he was neither incarcerated nor illegally imprisoned there, and, therefore, did not meet that state's jurisdictional requirements for such relief. Section 1–A of Chapter 126 R.S. 1954 (now 14 M.R.S.A. § 5502). Chester Brown v. State of Maine, Superior Court at Kennebec, Civil No. 9264 (February 1965).

be equated with "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The test for a waiver of constitutional rights is much more stringent. See, e. g., Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The petitioner did not waive his right to challenge the constitutionality of his earliest Maine conviction.

■ An extensive discussion of the law applicable to the remaining questions is not necessary. Recognizing that the failure of Maine to provide legal counsel to assist the petitioner at the February 9, 1943, proceedings would have rendered his conviction there unconstitutional had *Gideon* been decided 20 years earlier, the state court held, however, that *Gideon* did not apply retrospectively to the conviction in 1943.[4] But when the same question was brought into sharp focus by the Court of Appeals for the Second Circuit sitting en banc to decide four cases, United States ex rel. Durocher v. LaVallee, supra, 330 F.2d at 310, any limitation on the retrospective reach of *Gideon* was rejected. See particularly concurring opinion of Friendly, J., 330 F.2d at 314; Doughty v. Maxwell, 372 U.S. 781, 83 S.Ct. 1106, 10 L.Ed.2d 139 (1963); United States ex rel. Craig v. Meyers, 329 F.2d 856 (3d Cir. 1964); Shawan v. Cox, 350 F.2d 909 (10th Cir. 1965). Since *Gideon* must be applied retrospectively to the 1943 Maine conviction, its use by the Superior Court as a basis for imposing a sentence on the petitioner was constitutionally impermissible as violative of due process. United States ex rel. LaNear v. LaVallee, supra, 306 F.2d 417; United States ex rel.

Savini v. Jackson, 250 F.2d 349 (2d Cir. 1957).

■ Another point remains. Although the sentence imposed upon Brown did not exceed the maximum possible sentence for one not an habitual offender,[5] that does not make this petition premature. As stated by Judge Lumbard (now Chief Judge):

"* * * there is no reason to assume that the petitioner would have received the maximum sentence for his crime if he had been sentenced as a first offender. If the Virginia conviction was erroneously taken into account, Smith is entitled to resentence as a first offender. See United States v. Morgan, 2 Cir., 1953, 202 F.2d 67, 68, affirmed 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. On resentence the term imposed might well be less than the nine years he has already served." United States ex rel. Smith v. Jackson, 234 F.2d 742, 749 (2d Cir. 1956).

See also United States ex rel. Foreman v. Fay, 184 F.Supp. 535, 538 (S.D.N.Y. 1960) and cases cited therein at n. 9.

■ I conclude that the writ must be sustained to the extent that the petitioner's February 9, 1943, Maine conviction may not be used by the State of Connecticut in determining the sentence of the petitioner as an habitual offender. The petitioner will be remanded to the custody of the respondent to be held by him pending proceedings to be promptly taken for petitioner's return to the Superior Court for Fairfield County for resentencing upon his conviction of September 29, 1961, such sentence to be imposed as of that date, as if petitioner were a first felony offender.[6]

4. If the 1943 conviction was too ancient to withstand correction of an unconstitutional defect, one cannot help but wonder why the State's Attorney saw fit to use it to force the court to impose a maximum sentence.

5. One convicted of statutory rape may be given an indeterminate sentence of not more than thirty years, 53 Conn.Gen. Stats. § 238, whereas an habitual offender conviction makes an indeterminate

sentence with a maximum of thirty years mandatory. 54 Conn.Gen.Stats. § 121. See State v. Reilly, supra, 94 Conn. at 702–703, 110 Atl. 550 (1920).

6. Although the opinion expressly concerns itself with his first conviction, since his petition, both in the state court and here, challenges the constitutionality only of that one, the evidence introduced at the hearing reveals that the second prior conviction was similarly invalid.

The thanks of the court are extended to Mr. Igor I. Sikorsky, Jr. for the unswerving and competent representation he accorded to the petitioner as assigned counsel.