### Bow v. Sheriff Parsons.

A juryman may not converse with other people, not of the jury, nor suffer them to converse with him about the cause under consideration.

ACTION for the escape of Gordon Whitmore from gaol, who was in prison upon an execution for £57 14s. 4d. debt and £24 4s. cost. The defendant plead that he had made full

payment of the execution before the date and impetration of the plaintiff's writ. Issue to the jury.

The jury found a verdict for the plaintiff and £79 16s. 5d. damages.

The defendant moved in arrest of judgment — That one of the jurors who tried said cause, after it was committed to the jury and while they had it under their consideration, conversed freely with several persons, not of the jury, about said cause, and suffered them to converse with him about the same. The facts being denied, the court upon inquiry of the evidence found them to be true, set aside the verdict and ordered a repleader.

This was a direct violation of the oath of the juryman, which is the principal guard placed upon jurors in this state, although the law requires that they should be kept confined by an officer until they are agreed in a verdict; yet it has ever been practiced for the jury to adjourn and disperse to their quarters, and if they are suffered to enter into conversation respecting causes they have under consideration, with persons not of the jury, the purity of trials by jury would be perverted and corrupted, therefore the most vigilant attention is required. See Dana v. Roberts, Hartford September A. D. 1789.