On February 26, 1961, at approximately 3:30 a.m., the defendant was arrested in the city of New Britain and charged with operating a motor vehicle while under the influence of intoxicating liquor. At the police station he was formally charged, booked, and released on bond. He was not handed a uniform traffic ticket. Subsequently, he pleaded "not guilty," elected trial by jury, and was brought to trial March 2, 1961, at Wethersfield.
During the recess on the second day of the trial, a disinterested stranger to the trial entered into a conversation in the corridor of the courthouse with the court bailiff and in the presence and hearing of two members of the jury. The conversation concerned the defendant's status as a professional baseball player. In this conversation, the jurors joined. During the course of the conversation, the disinterested stranger, who did not know that those with whom he spoke were members of the jury, *Page 22 
stated, "Well, in any event, if he is found guilty, Bill is a little worried about whether he will be back in spring training. I understand it is his second offense." The facts were communicated to the court immediately upon their coming to the knowledge of the defendant's counsel. Upon these facts, the defendant claimed that his motion for a mistrial ought to prevail, but the court overruled the motion, and the trial proceeded.
The jury rendered a verdict of guilty on March 6, 1961. On the same date, the defendant was arraigned on the second part of the information, alleging a prior conviction for a similar offense. He pleaded not guilty, elected trial to the court, and was found guilty.
Defendant's first assignment of error concerns the refusal of the trial court to dismiss the charges because the defendant had not been given a uniform traffic ticket upon his arrest. Circuit Court Rule 3.14.1 states: "In traffic offenses, instead of an information, a complaint and summons may be used in the form known as the uniform traffic ticket and complaint." Under Rule 3.24.1, when an arrest is made on the charge of driving under the influence of intoxicating liquor, the accused must be taken into custody. This defendant was arrested, brought to the police station, booked, and subsequently released on bond. That he was informed of the date of his arraignment is apparent from the fact that he was arraigned, that he pleaded and that he elected trial by jury. Rule 3.15.1 states that in all jury cases the prosecuting attorney shall present an information in place of the complaint which is a part of the uniform traffic ticket. The rights of the defendant were protected throughout. There is no magic in a standard-form type of invitation to court, and this defendant, without a uniform traffic ticket, is just as much a properly arrested and arraigned *Page 23 
defendant as he would otherwise have been. The word "may" in Rule 3.14.1, taken together with Rule 3.15.1, gives the arresting officer considerable discretion. His use of that discretion to avoid the superfluity of notices to appear for arraignment is not illegal. The motion to dismiss for the reason stated in the first assignment of error was properly denied.
In his seventh assignment of error, the defendant alleges that the trial court should have declared a mistrial after the presiding judge became aware of the fact that the defendant was a second offender. "In the case tried to the court the danger of prejudice to a party to the case arising from the making of improper remarks is far less than when tried to the jury, and will rarely, if ever, furnish a basis for appeal." State v. Frost, 105 Conn. 326, 338. The trial court is invested with a large discretion, and, unless the defendant's rights have been injuriously prejudiced, the exercise of that discretion will not be interfered with. DeLucia v. Kneeland, 108 Conn. 191,193; State v. Monahan, 96 Conn. 289, 291;State v. Buxton, 79 Conn. 477, 479. There was no claim that the presiding judge was prejudiced nor that there was manifest injury to the defendant by reason of information imparted to him. State v.Laudano, 74 Conn. 638, 646. Arguments addressed to the court may often include admissions of counsel, for the purposes of argument, of facts which, if admitted by him in the presence of the jury, might set their minds against the defendant and thus work injury to his cause. Arguments addressed to the court are, or should be, designed for the information and instruction of the court. Elliott v. NewYork, N.H. H.R. Co., 83 Conn. 320, 328. There was no abuse of discretion in this instance.
The fifth and sixth assignments of error concern the denial of the defendant's motion for a mistrial *Page 24 
after it was brought to the attention of the presiding judge that a conversation concerning the case had taken place in which it was mentioned in the hearing of two jurors that the defendant was a second offender and might go to jail.
The denial of a motion for mistrial is an interlocutory, not a final, judgment. Properly, the defendant should have restated his reasons in a motion to set aside the verdict. This court is established to review the decisions of the Circuit Court to determine whether errors of law have been committed in determining particular controversies before it. We are not bound to consider claims of error which are improperly raised. When we do so, it is not because the defendant has a right to have the question determined, but because in the interest of public welfare and to avoid doing serious injustice to the defendant we are of the opinion it ought to be done. Rindge v.Holbrook, 111 Conn. 72, 75; Stacy v. Brothers,93 Conn. 690, 706. For this reason, we consider the fifth and sixth assignments of error as though they had been properly brought before us.
In the trial of a person charged with the commission of a crime, it is more important to enforce the time-tested safeguards which the law has erected for the protection of the innocent than to distort and subvert them in order to block the escape from punishment of even an apparently guilty person. Such has ever been the policy of this state. State
v. Doucette, 147 Conn. 95, 108. One of these safeguards is that of a public trial by an impartial jury.State v. Gannon, 75 Conn. 206, 232. So important is the matter of impartiality that the statutes (General Statutes § 51-245) spell out the obligations of jurors to refrain from conversations with those not members of the jury relative to the cause under consideration, lest the purity of trials by jury be perverted and corrupted. Bennett v. Howard, 3 Day *Page 25 
219, 223; Bow v. Parsons, 1 Root 429, 430. The test is whether the information imparted to the jurors would have a necessary or even probable tendency to bias their opinion. Hickox v. Parmelee,21 Conn. 86, 100; see Pettibone v. Phelps, 13 Conn. 445,450.
"We are aware that, under our practice of allowing jurors to go at large and unattended during the trial, they are unavoidably exposed to an occasional remark touching the matter in issue addressed to them or uttered in their hearing; but any juror who has intelligence enough to comprehend the meaning of his oath, must know that he may not listen to such remarks, but must scrupulously avoid hearing them, and, if he is so situated that he can not do this he must at once state what his relation to the case is and request that nothing be said in his hearing on the subject; which, if done, will probably secure the object. But if he will not do this and will lend a willing ear to a continued series of remarks, the verdict must, however much it is to be regretted, be set aside." State v. Andrews, 29 Conn. 100, 104. The motion for mistrial should have been granted.
The defendant has attempted to process a separate appeal from his conviction as a second offender. It is well settled in this state that an appeal lies only from a judgment. In a criminal case, sentence is the judgment against the accused. There can be no judgment against him until sentence is pronounced.State v. Vaughan, 71 Conn. 457, 458. The defendant was not sentenced until after a finding of guilty was made to the second part of the information. The statute inflicting a more severe penalty for the subsequent offenses creates no new crime. State
v. Reilly, 94 Conn. 698, 702. The fact of the second offense is a "status," not a crime. Armstrong v.Potter, 20 Conn. Sup. 101, 105. There can be no separate appeal. The reasons alleged should have *Page 26 
been included as a series of assignments of error. For reasons above stated, the attempted separate appeal is dismissed.
Since a new trial is required, the claims of the defendant in his second, third and fourth assignments of error need not be discussed.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion CIANO and LACEY, Js., concurred.