STATE OF CONNECTICUT *v.* KENNETH R. CULLUM

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Decided December 8, 1961

*William F. Mangan,* for the appellant (defendant) before the Appellate Division.

*James R. Burton,* assistant prosecuting attorney, for the appellee (state) before the Appellate Division.

PER CURIAM. In part one of the information against him in the Circuit Court, the defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor. He was found guilty by the jury. In a trial to the court on part two of the information, the defendant was found to be a second offender and sentence was pronounced. Upon appeal by the defendant to the Appellate Division of the Circuit Court, the judgment of conviction was set aside and a new trial was ordered. The defendant also attempted to take a separate appeal from his conviction as a second offender. The Appellate Division dismissed that appeal on the theory that the statute (General Statutes § 14-227) under which sentence was imposed on the defendant as a second offender created no separate crime, that there was only one judgment and that a separate appeal from the court's determination that the defendant was a second offender would not lie.

In this decision the Appellate Division was clearly correct. *Bloom* v. *Lundburg,* 149 Conn. 67, 72, 175 A.2d 568. The defendant has, nevertheless, filed a petition for certification of the case for appeal from the Appellate Division. He was the prevailing party in the Appellate Division and is in no position at this time to take an appeal from its decision. His petition for certification must, accordingly, be denied.

The opinion of the Appellate Division is chiefly concerned with the question whether the trial court committed reversible error in refusing to grant a mistrial when it learned, before the verdict was rendered, that a discussion of the defendant's status as a second offender had been held in the hearing of two of the jurors.[1] The defendant's proposed appeal to us does not bear upon that phase of the case. Consequently, our denial of certification cannot properly be construed as indicating either approval or disapproval of the decision of the Appellate Division on the principal question before it.

Since the procedure of certification is new in this state, the following general observations on the significance of a denial of certification may serve to prevent future misunderstanding. The procedure is not the equivalent of an appeal. It is designed to give finality to a decision of the Appellate Division, despite the desire of an unsuccessful party to carry the matter further, unless the Appellate Division considers that there is a substantial question of law which should be reviewed by us, or unless we find that the matter should be reviewed. General Statutes § 51-265. A rule implementing the statute specifies that certification is not a matter of right

---

[1] *State* v. *Cullum,* 23 Conn. Sup. 20, 176 A.2d 583.

but of sound judicial discretion. Practice Book § 470A.2. The rule further indicates that we will certify a case for appeal only where there are special and important reasons for granting what is, in effect, a second right of review. The rule points out that we may grant certification where the petition for certification shows that there is involved a question of substance on which there is no controlling precedent or that the Appellate Division has decided a question of substance in a way probably not in accord with controlling precedent or that procedural irregularities have occurred which require correction. Certification can also be granted for other reasons. Our function on a petition for certification is to determine whether the petition raises a substantial question which should be considered by us in the interests of justice to the particular litigants or in the interests of preserving a stable, sound and consistent body of case law in the state. It follows that a denial of certification does not necessarily indicate our approval either of the result reached by the Appellate Division or of the opinion rendered by it.

Certification is denied.