NICHOLAS SINISGALLI *v.* WARDEN, STATE PRISON

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued April 7—decided May 3, 1966

*Igor I. Sikorsky, Jr.,* for the appellant (plaintiff).

*Brandon J. Hickey,* special assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (defendant).

ALCORN, J. In 1960, the plaintiff was presented in the Superior Court on an information in two

counts. The first count charged him with the crime of inciting injury to persons or property in violation of General Statutes § 53-44. The second count charged him with the crime of injury to a public building in violation of General Statutes § 53-45 (a). He pleaded guilty to the second count and was sentenced to not less than one year and one day nor more than three years in the state prison. The state declined to proceed on the first count.

In 1963, the plaintiff was again presented in the Superior Court on an information charging him with the crime of obtaining money by false pretenses in violation of General Statutes § 53-360. The crime thus charged was a state's prison offense punishable by a possible maximum imprisonment of three years. Section 54-118 of the General Statutes provides that the punishment for any state's prison offense may be doubled when the convicted person has previously been convicted of any crime and imprisoned therefor in a state prison or reformatory for a term less than life. In view of the plaintiff's prior conviction and sentence in 1960, the state chose to charge him as a second offender under § 54-118. Following the established procedure, therefore, the 1963 information was in two parts, the first part charging the crime of obtaining money by false pretenses and the second part alleging that the plaintiff had once before been convicted, sentenced and imprisoned in the state prison. Practice Book § 487. The second part of the information did not charge the plaintiff with a separate crime but affected only the penalty which was permissible in the event of his conviction of the crime charged in the first part. *State* v. *Cullum,* 149 Conn. 728, 176 A.2d 587; see *State* v. *Delmonto,* 110 Conn. 298, 300, 147 A. 825. It could affect the

plaintiff only if he was convicted of the charge of obtaining money by false pretenses and had previously been convicted of, and imprisoned in the state prison for, any crime. *State* v. *Kohlfuss,* 152 Conn. 625, 633, 211 A.2d 143.

At the time of his 1963 arraignment the plaintiff was represented by competent counsel. Before being put to plea he was informed by the clerk of the contents of the second part of the information, pursuant to the rule. Practice Book § 487. The second part of the information, however, mistakenly stated that the plaintiff's prior conviction and sentence was for the crime of inciting injury to persons or property rather than injury to a public building, the crime of which he had actually been convicted and for which he had been imprisoned. After thus being informed by the clerk, the plaintiff pleaded guilty to the charge of obtaining money by false pretenses and also to being a second offender. The state's attorney recommended a sentence of not less than one nor more than five years, and the plaintiff's attorney urged the court to accept that recommendation. After examining a presentence report which had been ordered, the court imposed a sentence of not less than two nor more than five years. A mittimus was issued accordingly on November 6, 1963, and the plaintiff was committed to serve the sentence. Nearly a year and a half later, the plaintiff, acting by new counsel, brought this application for a writ of habeas corpus based solely on the mistake in naming the crime in the second part of the 1963 information. Following a hearing, the court rendered judgment denying the petition, and this appeal is taken from that judgment.

The second part of the information, which was read to the plaintiff before he pleaded guilty to it,

correctly alleged that he had once before been sentenced to and imprisoned in the state prison, correctly stated the date and place of the 1960 conviction, and correctly stated the terms of the sentence and the court which had imposed it. No claim is made, nor could any in reason be made, that the plaintiff misunderstood the very recent conviction and imprisonment which was intended to be referred to. If the mistake in the name given to the crime had been suggested, a correction could have been made by an amendment. Practice Book § 524. Since no mention was made of it, the only effect was that the plaintiff stood before the court for sentence as one who had been previously convicted and imprisoned for a crime which carried a maximum penalty of a $5000 fine or ten years' imprisonment or both (see General Statutes § 53-44), whereas, in fact, he had been previously convicted and imprisoned for a crime which carried a maximum penalty of a $5000 fine or twenty years' imprisonment or both. See General Statutes § 53-45 (a). No prejudice to the plaintiff arising from this circumstance is either claimed or shown to exist.

Modern procedural concepts do not favor tardy complaints concerning matters involving no prejudice or injustice which, through inattention or design, have gone unmentioned until too late for correction. See *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480. The remedy of the plaintiff, if he considered the mistake significant, was to have pointed it out when the second part of the information was read to him, or to have pleaded not guilty when he was called upon to answer it. Having done neither, he establishes no right to relief by habeas corpus in the absence of a showing that he has suffered prejudice or injustice. *State* v. *Mola,* 128

Conn. 407, 410, 23 A.2d 126; *State* v. *Kemp,* 126 Conn. 60, 82, 84, 9 A.2d 63; see *State* v. *Rafanello,* 151 Conn. 453, 457, 199 A.2d 13.

There is no error.

In this opinion the other judges concurred.