STATE

v.

**Ralph DeMASI.**

No. 78–36–C.A.

Supreme Court of Rhode Island.

Sept. 29, 1980.

Dennis J. Roberts, II, Atty. Gen., Forrest Avila, Sp. Asst. Atty. Gen., for plaintiff.

John Tramonti, Providence, Griffin & Higgins, Kirk Y. Griffin, Geline W. Williams, Boston, Mass., for defendant.

## OPINION

MURRAY, Justice.

The defendant Ralph DeMasi appeals from denial of his motion to vacate a sentence imposed under authority of G.L. 1956 (1969 Reenactment) § 12–19–21 upon being deemed a habitual criminal. He claims that the sentence resulted from selective enforcement of § 12–19–21 in contravention of the due process and equal–protection clauses of the Fourteenth Amendment of the United States Constitution.

On November 17, 1976, a Superior Court jury convicted DeMasi on a charge of assault with a dangerous weapon, a charge stemming from an incident in the Adult

Correctional Institutions (ACI). A few days later, DeMasi filed a request for a fourteen–day extension of the deadline for filing a new–trial motion. The trial justice granted that request to provide DeMasi's counsel with additional time to negotiate a "package settlement" of the case in which he had just been convicted and of four other indictments pending against him.

On January 17, 1977, however, the state filed a petition to have DeMasi sentenced under § 12–19–21 as a habitual criminal on the basis of the conviction obtained the previous November combined with earlier convictions. At a sentencing hearing held on March 21, 1977, the trial justice entertained arguments concerning the state's petition. Though DeMasi conceded that requisite convictions existed for sentencing under § 12–19–21,[1] he contended that enforcement of § 12–19–21 against him would be unconstitutional. Upon rejecting DeMasi's arguments, the trial justice, in addition to imposing a five–year term for his November assault conviction, sentenced him to a concurrent four–year term as a habitual criminal.

At that juncture, DeMasi's lawyer moved for a rehearing with respect to his contention that the selective application of § 12–19–21 to his client was unconstitutional. The trial justice denied that motion but allowed him to make an offer of proof about the substance of his plea negotiations with the state in December 1976. According to DeMasi's attorney, at the first meeting the prosecutors indicated that they would "make [DeMasi's] charges go away" if he would cooperate with law enforcement authorities on various matters. Contingent upon such cooperation, an offer of protection was included for DeMasi and his family. In an alternative offer, the prosecutors informed DeMasi's lawyer of their intention to recommend a concurrent sentencing arrangement of fifteen years in exchange for guilty pleas to the four indictments then pending.

After consulting with DeMasi, his attorney rejected the state's offers and conveyed a counteroffer seeking recommendation of lesser sentences. The state in turn rejected DeMasi's counteroffer and added a caveat: If DeMasi failed either to cooperate or to plead guilty and accept a fifteen–year sentencing recommendation, the state would proceed to (1) prosecute each pending indictment, (2) recommend maximum sentences for any resulting convictions, and (3) file a petition requesting the court to sentence under § 12–19–21 in connection with the disposition of his conviction for assault with a dangerous weapon. DeMasi's continued refusal to accept either of the state's offers apparently caused the state to file its habitual–criminal petition on January 17, 1977.

After additional inquiry following the sentencing hearing on March 21, 1977, the trial justice accepted the accuracy of defense counsel's offer of proof. He concluded, nevertheless, that the state's invocation of proceedings pursuant to § 12–19–21 was a proper inducement in the plea–bargaining process and therefore denied DeMasi's motion.

The state contends that this case is controlled by the principles enunciated in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct.

1. General Laws 1956 (1969 Reenactment) § 12-19-21 provides that

"If any person shall be convicted and sentenced to any prison or penitentiary in this or any other state or country, two (2) or more several times, as punishment for crime committed in this or any other state or country, and such person at any time after said two (2) sentences shall have been passed upon him, be convicted in this state of any offense against the laws thereof, punishable by imprisonment in the state prison, such person shall be deemed an 'habitual criminal,' and upon said last conviction, as aforesaid, shall be punished by an imprisonment in the adult correctional institutions for the term of not exceeding twenty–five (25) years, in addition to any sentence imposed for the offense for which he was last convicted, as aforesaid; provided, however, that if the person so convicted shall show to the satisfaction of the court before which such conviction was had that he was released from imprisonment upon either of said sentences, upon a pardon granted on the ground that he was innocent, such conviction and sentence shall not be considered as such under this section."

663, 54 L.Ed.2d 604 (1978). DeMasi argues that his appeal presents a problem different from the due–process issue central to *Bordenkircher.* He argues that his claim of selective prosecution is based on his right to equal protection of the laws.

In *Bordenkircher*, the prosecutor offered to recommend a five–year sentence if the defendant pleaded guilty to the felony of uttering a forged check. Additionally, the prosecutor threatened to indict the defendant under a recidivist statute, which carried a mandatory life sentence, if he chose not to plead guilty to the forgery charge. The defendant chose not to plead guilty, and consequently, the prosecutor obtained an indictment under the habitual–criminal statute. A jury subsequently found the defendant guilty of the principal charge of uttering a forged check and determined that he fell within the terms of the recidivist statute. As required by that statute, the defendant was sentenced to life imprisonment.

The Supreme Court affirmed the recidivist sentence after distinguishing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), cases where the state had unilaterally imposed a penalty upon a defendant who had chosen to exercise his legal right to attack his original conviction. The Court found no such unconstitutional element of vindictiveness in the "give and take" of plea bargaining so long as the defendant was free to accept or reject the prosecutor's offer. Relying upon, and quoting from, *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the Court stated,

> "While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'–and permissible–'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' *Chaffin v. Stynchcombe, supra* at 31 [, 93 S.Ct. at 1985.] It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Bordenkircher v. Hayes*, 434 U.S. at 364, 98 S.Ct. at 668, 54 L.Ed.2d at 611.

Under that view the Court held that the prosecutor's conduct, "which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment." *Bordenkircher v. Hayes*, 434 U.S. at 365, 98 S.Ct. at 669, 54 L.Ed.2d at 612.

In *Bordenkircher*, the Court also rejected the notion that the prosecutor's decision to charge the defendant under the recidivist statute was constitutionally infirm under the equal–protection clause. Quoting from *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Court stated that

> "Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'"

*Bordenkircher v. Hayes*, 434 U.S. at 364, 98 S.Ct. at 668–69, 54 L.Ed.2d at 611.

In light of its determination that the prosecutor's desire to induce a guilty plea was permissible under the due–process clause, the Court ruled for purposes of equal protection that such a motivation was not an "unjustifiable standard" that could not be considered in his charging decision. The Court noted that a different ruling would refute the premises upon which plea bargaining rests.

■ The equal–protection analysis of *Bordenkircher*, is dispositive of DeMasi's claim that his sentence under § 12–19–21 was in violation of his right to equal protec-

tion. When we apply that analysis, the import of his argument is seen to presuppose that the reasons prompting the state to charge him under § 12–19–21 constitute an "unjustifiable standard." In analyzing that assumption, the issue that this court must decide is whether the reasons that prompted the state to file its petition under § 12–19–21–DeMasi's refusal to cooperate and his insistence on going to trial in his pending cases [2]–violated DeMasi's right to due process and are therefore "unjustifiable standards." Absent a determination that those motivations for prosecuting DeMasi under § 12–19–21 violated his right to due process, *Bordenkircher* dictates that DeMasi's equal–protection claim is without basis.

 We perceive no difference of constitutional significance between *Bordenkircher*, and the state's efforts to induce DeMasi to plead guilty to pending charges. In both cases the defendants were plainly subject to being charged under the applicable recidivist statute. Here, as in *Bordenkircher*, the prosecutor signified his willingness to forgo habitual–criminal proceedings if DeMasi tendered a plea. In this case, as in *Bordenkircher*, DeMasi could have sought to counter the enhanced penalty by entering into a plea agreement. We rule, therefore, that the state's desire to induce DeMasi to forgo trials on his pending cases constituted a lawful basis for instituting habitual–criminal proceedings as part of the plea–bargaining process.

 For similar reasons, we see no constitutional barrier that prevents the state from using § 12–19–21 as a means of at-

tempting to obtain DeMasi's cooperation in other criminal investigations. *United States Gardner*, 611 F.2d 770, 773 (9th Cir. 1980); *cf. United States v. Warren*, 594 F.2d 1046, 1049 (5th Cir. 1979) (offer by prosecutor to drop charges against witness in exchange for testimony against codefendant). A recent analogous Supreme Court decision lends support to our conclusion. In *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), the Court held that a trial judge committed no constitutional error by imposing consecutive sentences based, in part, on the defendant's refusal to cooperate with officials investigating a conspiracy in which he was a confessed participant. As in *Roberts*, DeMasi offered no evidence in this case to indicate that his refusal to cooperate resulted from fear of retaliation. We rule that DeMasi's noncooperation was also a justifiable standard on which the state could threaten recidivist proceedings.

We thus conclude that neither of the reasons that prompted the state to charge DeMasi as a habitual criminal was an infringement of his right to due process or equal protection under the United States Constitution.

The defendant's appeal is denied and dismissed.

---

**2.** In his brief, DeMasi argues for the first time that the state moved under G.L. 1956 (1969 Reenactment) § 12–19–21 to punish him for refusing to plead guilty as did his codefendants in the case that led to his conviction of assault with a dangerous weapon in November 1976. DeMasi's failure to raise this contention in the hearing on his motion to vacate precludes our review of this argument on appeal. *State v. Pope*, R.I., 414 A.2d 781, 787 (1980).