## Perfecto Bonilla *v.* Administrator, Unemployment Compensation Act,
### et al.

Speziale, C. J., Peters, Parskey, Armentano and Daly, Js.

Argued April 6—decision released June 1, 1982

*Jeffrey C. Pingpank,* for the appellant (defendant Heublein, Inc.).

*Alexander Aponte,* with whom, on the brief, was *Pamela R. Hershinson,* for the appellee (plaintiff).

*Donald E. Wasik,* assistant attorney general, and *Carl R. Ajello,* attorney general, filed a brief as amici curiae.

Per Curiam. We granted the petition of the defendant Heublein, Inc. for certification to consider whether General Statutes § 31-236 (2) (A)[1] renders ineligible for unemployment compensation

---

[1] "[General Statutes] Sec. 31-236. disqualifications. An individual shall be ineligible for benefits . . . (2) (A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work, provided no individual shall be ineligible for benefits if he leaves suitable work for cause, including leaving as a result of changes in conditions created by his employer, or until such individual has earned at least ten times his benefit rate . . . ."

benefits a claimant who has left work because his nonclaimant spouse has refused to relocate to his area of employment. See Practice Book § 3137 (1); *State* v. *Cullum,* 149 Conn. 728, 730, 176 A.2d 587 (1961). The trial court, *D. Shea, J.,* sustained the plaintiff's appeal from the board of review and ordered a reversal of the defendant administrator's decision to deny the plaintiff benefits. Applying the standard set forth in *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 23, 434 A.2d 293 (1980),[2] the trial court held that only the plaintiff's reasons and not those of his nonclaimant spouse are relevant to the determination of entitlement to benefits. The defendant, Heublein, Inc., seeks review of the trial court's judgment pursuant to General Statutes § 51-197b.[3]

After hearing oral argument and fully examining the record, we conclude that no question of substance is presented here that has not already been

---

[2] "To be entitled to benefits . . . claimants must show that they have left employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment." *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 23, 434 A.2d 293 (1980).

[3] "[General Statutes] Sec. 51-197b. (Formerly Sec. 52-7). ADMINISTRATIVE APPEALS. All appeals, which may be taken from administrative decisions of officers, boards, commissions or agencies of the state or any political subdivision thereof shall be taken to the superior court. Said court, after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. So much of any special act as is inconsistent herewith is repealed. The provisions of chapter 902 to the contrary notwithstanding, except as provided in section 46a-94 and except in respect to any appeal from a final judgment or action of said court concerning an administrative decision of the commissioner of revenue services which appeal shall be taken to the supreme court in accordance with provisions of said chapter 902, there shall be no right to further review except to the supreme court by certification

resolved by our decision in *Robinson* v. *Unemployment Security Board of Review,* supra. We therefore, dismiss the petition for certification as improvidently granted.

for review, upon the vote of two judges of the supreme court so to certify and under such other rules as the judges of the supreme court shall adopt. The procedure on such appeal to the supreme court shall, except as otherwise provided herein, be in accordance with the procedure provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the supreme court. An appeal from any judgment entered by the court of common pleas in such case prior to July 1, 1978, may be taken pursuant to section 52-6a, revised to 1975."