STATE

v.

**Albert E. SITKO.**

No. 82–228–C.A.

Supreme Court of Rhode Island.

March 17, 1983.

Dennis J. Roberts II, Atty. Gen., Sharon P. O'Keefe, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument on February 9, 1983, pursuant to an order directed to both parties to show cause why this case should not be determined summarily. The facts pertinent to this appeal are as follows.

On February 12, 1981, the state filed an information charging defendant with being a habitual criminal within the meaning of G.L.1956 (1981 Reenactment) § 12–19–21. This statute in force at all times relevant to this controversy [1] provided in part as follows:

"If any person shall be convicted and sentenced to any prison or penitentiary in this or any other state or country, two (2) or more several times, as punishment for crime committed in this or any other state or country, and such person at any time after said two (2) sentences shall have been passed upon him, be convicted in this state of any offense against the laws thereof, punishable by imprisonment in the state prison, such person shall be deemed an 'habitual criminal,' *and upon said last conviction, as aforesaid, shall be*

1. This section was amended by P.L.1982, ch. 226, §§ 1, 2, to provide for specific procedures to be followed in respect to sentencing en-

hancement in conjunction with the last conviction.

*punished by an imprisonment in the adult correctional institutions for the term of not exceeding twenty-five (25) years, in addition to any sentence imposed for the offense for which he was last convicted, as aforesaid \* \* \*."* (Emphasis added.)

The defendant filed a motion to dismiss the information, which motion was denied by a justice of the Superior Court on November 9, 1981. Thereafter, the case was heard on its merits before another justice of the Superior Court beginning December 4, 1981, after defendant waived a jury trial. On January 12, 1982, the trial justice sentenced defendant to ten years imprisonment consecutive to sentences that defendant was already serving. A notice of appeal was timely filed. On appeal defendant challenges the correctness of the trial justice's denying his motion for judgment of acquittal and of the first justice's denying his motion to dismiss. Both challenges raise the same issue.

■ The defendant contends that § 12–19–21 does not establish a separate crime but constitutes a sentencing-enhancement measure. In effect, defendant argues, when a defendant has been convicted of two or more felonies[2] and is thereafter convicted of a third felony, the provisions of the statute may be invoked by the state and the sentencing justice presiding at the third conviction may impose additional imprisonment for a term not exceeding twenty-five years in addition to any sentence imposed for the offense for which the defendant was last convicted. With this contention we agree.

In *State v. DeMasi*, R.I., 420 A.2d 1369 (1980), we upheld a sentence imposed pursuant to § 12–19–21 by a trial justice as part of a sentencing proceeding relating to the last felony conviction of assault with a dangerous weapon. This procedure was carried out as a sentencing-enhancement mechanism in conjunction with the sentence imposed for the last felony of which that defendant was convicted. In *DeMasi* we were of the opinion that the state's procedure, though unchallenged, was correct.

■ The statutory language requires that sentence be imposed "upon said last conviction." This does not give the state the option of proceeding by a separate information seven months after sentence has been imposed for the last conviction. As the Supreme Court of Washington observed in *In Re Lombardi*, 13 Wash.2d 1, 3, 123 P.2d 764, 765–66 (1942)

" '[T]o justify a determination that one is an habitual criminal, there must not only be a certain number of prior convictions as specified in the statute, but there must be one conviction immediately prior thereto, and upon which the defendant has not been sentenced. The purpose of the filing of an habitual criminal information is to place the court in a position, when it gets ready to pronounce sentence, to determine the previous record of the defendant, and, based upon the immediately preceding conviction and prior convictions, to impose the mandatory sentence required by the statute.' "

To the same effect is the opinion of the Supreme Court of Florida in *Eutsey v. State*, 383 So.2d 219, 223 (Fla.1980), wherein that court also construed its habitual-offender statute:

"The purpose of the habitual offender act is to allow enhanced penalties for those defendants who meet objective

---

**2.** Although G.L.1956 (1981 Reenactment) § 12–19–21 as it existed in 1981 did not use the term "felony," at the time of its enactment by P.L. 1896, ch. 336, § 1, only persons who were guilty of felonies (imprisonment for a term of one year or more) were incarcerated in the state prison. General Laws 1896, ch. 285, § 37. Therefore, the reference to the term "prison"

makes it clear that the Legislature in 1896 intended to limit the provisions of the habitual criminal statute to those who had committed felonies. In its most recent amendment to this statute, the Legislature specifically refers to "felony offenses." Public Laws 1982, ch. 226, § 2.

guidelines indicating recidivism. The enhanced punishment, however, is only an incident to the last offense. The act does not create a new substantive offense. It merely prescribes a longer sentence for the subsequent offenses which triggers the operation of the act." *Accord State v. Cullum,* 23 Conn.Supp. 20, 25, 176 A.2d 583, 587 (Conn.Cir.Ct.1961); *People v. Kraai,* 92 Mich.App. 398, 401 n. 2, 285 N.W.2d 309, 311 n. 2 (1979).

Thus, after the defendant is already sentenced for his last conviction, the state can no longer invoke the provisions of § 12–19–21 and the court may no longer impose an enhanced sentence thereunder.

For the reasons stated, the appeal of the defendant is sustained, the sentence imposed pursuant to information No. P2/81/146 is vacated and the papers in the case are remanded to the Superior Court with directions to dismiss said information.