**STATE**

v.

**Daniel CAMPANIELLO.**

**No. 83-440-C.A.**

Supreme Court of Rhode Island.

May 9, 1984.

Dennis J. Roberts II, Atty. Gen., Sharon P. O'Keefe, Sp. Asst. Atty. Gen., Providence, for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Providence, for defendant.

OPINION

PER CURIAM.

This case comes before us on the defendant's appeal from five judgments of conviction entered in the Superior Court. The defendant, who was sentenced on three counts of obtaining money under false pretenses, and one count of perjury, all four of which sentences were to run concurrently, was also sentenced to a period of five years as an habitual offender. The latter sentence was imposed as a separate judgment of conviction and was to be served consecutively. We have considered all of the defendant's grounds for appeal and find that only one has merit. We therefore vacate the defendant's sentence as an habitual offender and remand the case to the Superior Court for reconsideration in the light of *State v. Sitko*, R.I., 457 A.2d 260 (1983).

In *Sitko*, we determined that the provisions of G.L.1956 (1981 Reenactment) § 12-19-21 authorized sentence enhancement for any person who has been convicted and sentenced "two (2) or more several times" for felonies in this or in any other state or country in the event that such person is thereafter convicted of a third felony. We also pointed out that the habitual-offender statute does not create a new substantive offense. *Id.*, 457 A.2d at 260-61. Citing *Eutsey v. State*, 383 So.2d 219, 223 (Fla. 1980), we agreed that the statute merely prescribes a longer sentence for the subsequent offense which triggers the operation of the act. 457 A.2d at 261-62. Consequently, in the case at bar the trial justice had the option of adding a period of years not exceeding twenty-five in addition to any sentence that might be imposed for the felony that called into play the operation of this act. However, he could not impose a sentence as though the status of being an habitual offender constituted a separate substantive offense.

We have examined all of the other issues in support of the defendant's appeal and find them to be without merit.

For the reasons stated, the sentence imposed upon the defendant as an habitual offender is hereby vacated, the case is remanded to the Superior Court for resentencing in accordance with this opinion.