OPINION
BEVILACQUA, Chief Justice.
This case is before the court on the defendant’s appeal from his resentencing by a Superior Court Justice in light of our decision in State v. Campaniello, — R.I. -, 474 A.2d 1247 (1984), where we stated that under the habitual-offender statute, a trial justice could not impose a sentence as though the status of being a habitual offender constituted a separate offense.
The initial appeal arose when defendant was convicted by a Superior Court jury of charges stemming from a multicount indictment. These included three counts of obtaining money under false pretenses, and one count of false swearing under oath. At the time of sentencing, he was also sentenced as a habitual offender pursuant to G.L. 1956 (1981 Reenactment) § 12-19-21. The initial sentences imposed were as follows: three years each on counts 1 through 3; all charging larceny, and ten years, five of them suspended on count 4. All sentences were to run concurrently. In addition, defendant was sentenced separately to five years as a habitual criminal. This sentence was to be served consecutively to the penury sentence.
The defendant appealed, claiming that the imposition of the separate five-year sentence pursuant to the habitual-offender statute was contrary to the rule announced in State v. Sitko, — R.I. —, 457 A.2d 260 (1983). In Sitko this court held that when a defendant is sentenced, the status of being a habitual offender does not constitute a separate substantive offense. In State v. Campaniello, the trial justice overlooked the rule enunciated in Sitko and sentenced defendant on an independent habitual offender count. We ordered the case remanded for resentencing. — R.I. —, 474 A.2d at 1247-48. The mandate reads as follows:
“For the reasons stated, the sentence imposed upon the defendant as an habitual offender is hereby vacated, the case is remanded to the Superior Court for resentencing in accordance with this opinion.” Id. at —, 474 A.2d at 1248.
Upon remand, the trial justice vacated the sentence previously imposed upon defendant in regard to count 1 and resen-tenced defendant by changing the punishment in count 1 from “three years to serve” to “three years plus enhancement of five years for a total of eight years.” The defendant appeals from the judgment entered concerning the resentencing.
The sole issue before this court is whether the trial justice complied with the mandate of this court in resentencing defendant.
The defendant contends that the trial justice could not have “reopened” the count-1 sentence because this court by implication affirmed it, thereby depriving the trial justice of jurisdiction to reopen it. The state, however, contends that the trial justice followed the mandate of this court by resentencing defendant. It argues that if the position urged by defendant was adopted, the mandate of this court relating to resentencing would not be followed.
In State v. Campaniello, — R.I. at -, 474 A.2d at 1247 we indicated that
“the trial justice had the option of adding a period of years not exceeding twenty-five in addition to any sentence that might be imposed for the felony that called into play the operation of [the habitual criminal offender statute].”
It is the opinion of this court that in light of the entire opinion the mandate was suf *884 ficiently clear to apprise defendant that he was to be resentenced.
The defendant’s argument that a sentence, once imposed, is a final judgment is not meritorious. In United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328, 344 (1980), the United States Supreme Court clearly affirmed the principle that a “sentence does not have the qualities of constitutional finality that attend an acquittal.” Moreover, the court stated in Bozza v. United States, 330 U.S. 160, 166—67, 67 S.Ct. 645, 649, 91 L.Ed. 818, 822 (1947), that immunity should not be granted to a defendant when a sentencing justice makes an error. Accordingly, we are of the opinion that as a result of the resen-tencing, pursuant to the court s prior mandate, the defendant was not deprived of any constitutional guarantees. We therefore hold that the trial justice’s action in resentencing the defendant fully complied with our mandate.
The defendant’s appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court.